IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

VICKI D. JENKINS,

        Plaintiff,

vs.

        Case No. 2:04-CV-720

        JUDGE EDMUND A. SARGUS, JR.

        Magistrate Judge Norah McCann King

HYUNDAI MOTOR FINANCE
COMPANY,

        Defendant.

**OPINION AND ORDER**

Vicki D. Jenkins ("plaintiff") brings this action on behalf of herself and a class of plaintiffs challenging the alleged efforts of defendant Hyundai Motor Finance Company's ("defendant") to enforce a retail sales agreement following her default under that agreement. Plaintiff asserts claims under Ohio's Retail Installment Sales Act, O.R.C. §1317.01 *et seq.,* and common law claims of unjust enrichment, conversion, breach of contract and breach of the duty of good faith and fair dealing. Discovery at this point is limited to that necessary to class certification and the merits of plaintiff's individual claims. *See* Doc. No. 25.

This matter is before the Court on *Defendant Hyundai Motor Finance Company's Amended Motion to Compel Discovery Responses* ("*Defendant's Motion to Compel*"), Doc. No. 46, and on *Plaintiff's Motion to Compel*, Doc. No. 47. For the reasons that follow, *Defendant's Motion to Compel* is **GRANTED** in part and **DENIED** in part and *Plaintiff's Motion to Compel* is **DENIED**.

**I.	STANDARD**

The parties filed their motions under Rule 37 of the of the Federal Rules of Civil Procedure, which authorizes a motion to compel if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has in good faith conferred or attempted to confer with the party failing to respond to the requests. Fed. R. Civ. P. 37.  The Court is satisfied that the prerequisites to a motion to compel have been met in this case.

Determining the proper scope of discovery falls within the broad discretion of the trial court.  *Lewis v. ACB Business Services, Inc.,* 135 F.3d 389, 402 (6th Cir. 1998).  Rule 34 of the Federal Rules of Civil Procedure provides for discovery of documents in the "possession, custody or control" of a party, so long as the documents "constitute or contain matters within the scope of Rule 26(b)."  Fed. R. Civ. P. 34(a).  In addition,"[t]he function of interrogatories under Fed. R. Civ. P. 33 is broadly the same as any other discovery method."  *Babcock Swine, Inc. V. Shelbco, Inc*., 126 F.R.D. 43, 45 (S.D. Ohio 1989) (citing Wright & Miller, Federal Practice and Procedure, § 2163).

In turn, Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ."  Fed. R. Civ. P. 26(b)(1).  "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial.  The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence."  *Mellon v. Cooper-Jarrett, Inc.,* 424 F.2d 499, 500-01 (6th Cir. 1970).

**II.	ANALYSIS**

A.  *Defendant's Motion to Compel*

Defendant has served requests for production of documents and interrogatories upon plaintiff, requesting information related to plaintiff's medical and income history.

1.  **Plaintiff's medical history**

Defendant contends that it is entitled to discover information about plaintiff's medical background because it is relevant to plaintiff's ability to serve as a class representative, to her disability insurance claim and to her emotional distress claim. This Court agrees in part and disagrees in part.

The Court is not persuaded that plaintiff's medical history is relevant to her ability to serve as a class representative.[1] *See Senter v. GMC*, 532 F.2d 511, 524-25 (6th Cir. 1976) ("There are two criteria for determining whether the representation of the class will be adequate: 1) The representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel."). Nor is the Court persuaded, as defendant argues in its reply in support of its motion to compel, that in order to recover under her disability claim plaintiff "must prove she was disabled and entitled to recovery under the policy." Doc. No. 55, at 2. Plaintiff insists that she does not assert a claim based on actual disability. *See Order,* Doc. No. 42. Instead, plaintiff alleges that defendant acted in breach of its contract with her by wrongfully applying disability

---

[1] The cases cited by defendant are unpersuasive in that, unlike this breach of contract action, the plaintiffs' mental condition in each of the cited cases was at the heart of the merits of the claims of the named plaintiffs and the putative class members. *See, e.g., In re American Medical Systems*, 75 F.3d 1069, 1083 (6th Cir. 1996) (in medical negligence and product liability action, plaintiff and class members alleged mental and physical damages as a result of the implantation of penile prostheses).

insurance refund proceeds, (*i.e.*, misappropriation of refunded unearned payments) and by wrongfully repossessing her car while plaintiff was pursuing disability insurance coverage. Moreover, in resolving defendant's motion to dismiss, the Court construed plaintiff's claims as including a claim based on defendant's "refus[al] to assist her by providing the necessary information [regarding plaintiff's disability claim] to Credit Life." *Opinion and Order,* at 21, Doc. No. 19. In the view of this Court, none of these various constructions of plaintiff's breach of contract claims requires proof of actual disability. Thus, evidence of plaintiff's medical history is simply not relevant to plaintiff's breach of contract claims.

However, evidence of a plaintiff's medical background is relevant to a claim of emotional distress. *See Hawkins v. Anheuser-Busch, Inc.*, Case No. 2:05-CV-688, 2006 U.S. Dist. LEXIS 59217, *5 (S.D. Ohio August 22, 2006) (M.J. Kemp) ("medical records documenting the existence of emotional distress are relevant" to a claim of emotional distress); Although plaintiff asserts that she does not bring a claim for emotional distress, the *Complaint* belies this assertion:

> The Defendant's repossession of the named Plaintiff's vehicle caused the named Plaintiff to suffer great hardship and emotional distress.

*Complaint* ¶ 19. Moreover, the prayer for relief seeks, *inter alia,* compensatory damages in an amount to be determined. ... *Id.,* at p. 46.

Under these circumstances, *Defendant's Motion to Compel* is **GRANTED** as it relates to discovery of plaintiff's medical background unless plaintiff expressly dismisses with prejudice any claim based on emotional distress arising out of the claims asserted in this action.

**2.  Plaintiff's income history**

Defendant also seeks information related to plaintiff's income. Although plaintiff asserts that this information is not relevant, she nevertheless represents that she "produced documents stating the total income she received" and argues that defendant's current requests are therefore duplicative. Doc. No. 48 at 2-3. Defendant does not respond to this representation. Under these circumstances, plaintiff need not further respond to such discovery requests. *See* Fed. R. Civ. P. 26(b)(2)(I) (a court may order limitation on discovery if it is duplicative).

Accordingly, *Defendant's Motion to Compel* is **DENIED** as it relates to plaintiff's income information.

**B.**     *Plaintiff's Motion to Compel*

In her requests for production of documents and interrogatories, plaintiff seeks information related to defendant's repossession practices in all fifty states. Specifically, plaintiff asks for copies of pre- and post-repossession notices sent by defendant in each state, the individuals to whom each notice was sent, databases, and mailing logs stating "exactly how and when any communications, both oral and written (including how many post-repossession notices and pre-repossession notices, and which ones) were sent to which consumers" and intricate information on the means by which this information is kept as well as information about the employees responsible for defendant's repossession practices. *Plaintiff's Motion to Compel* at 5-8. Defendant argues, *inter alia*, that these requests are unduly burdensome. This Court agrees.

Plaintiff asserts her claim under Ohio law, alleging breach of contract based upon defendant's alleged failure to provide proper pre- and post-repossession notices and alleged misappropriation of refunded unearned payments. She argues that the requested discovery is necessary to enable her to pursue her class allegations, which are not limited to Ohio customers.

Although defendant vigorously opposes the certification of a nationwide class, plaintiff properly notes that the determination of the proper dimensions of any certified class should be made on proper briefing of that specific issue, and not by virtue of a limitation on discovery.  This Court agrees that plaintiff is entitled to conduct discovery relevant to the proper determination of any certified class.

It is unclear whether defendant's repossession practices vary significantly from state to state.  If they do not, discovery of defendant's practices in Ohio and discovery of the number of individuals subjected to those practices in other states would be sufficient to allow plaintiff to support her class allegations.  If they do, that information is likewise relevant to the class determination.

The Court concludes that, at this stage, plaintiff is entitled to representative information related to defendant's repossession practices in each state in which it does business. Additionally, plaintiff is entitled to information relating to the number of individuals affected by defendant's repossession practices in each state during the relevant time period.  As presently formulated, however, plaintiff's discovery requests are simply too broad and burdensome to be enforced.

Accordingly, *Plaintiff's Motion to Compel* is **DENIED**.  Plaintiff may, however, reformulate her discovery requests to seek a representative sample of defendant's repossession practices during the relevant time period in every state in which it does business, as well as the number of individuals subjected to those practices.

**WHEREUPON**, *Defendant's Motion to Compel*, Doc. No. 46, is **GRANTED** in part and **DENIED** in part.  Specifically, *Defendant's Motion to Compel* is **GRANTED** as it relates to

plaintiff's medical background information unless plaintiff expressly dismisses with prejudice any claim based on emotional distress arising out of the claims asserted in this action;

*Defendant's Motion to Compel* is **DENIED** as it relates to plaintiff's income information.

*Plaintiff's Motion to Compel*, Doc. No. 47, is **DENIED**; however, plaintiff may serve upon defendant reformulated discovery requests drafted in accordance with this *Opinion and Order*.

November 22, 2006                               <u>    s/Norah McCann King    </u>
                                                Norah M<sup>c</sup>Cann King
                                                United States Magistrate Judge