## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

VICKI D. JENKINS,

       Plaintiff,

                                 Case No. C2-04-720
     vs.                         Judge Edmund A. Sargus, Jr.
                                 Magistrate Judge Norah McCann King

HYUNDAI MOTOR FINANCING CO.,

       et al.,

               Defendants.

## ORDER

This matter is before the Court for consideration of Defendant Hyundai Motor Finance Company's Motion to Temporarily Stay Proceedings and Motion for Extension of Time to Respond to Plaintiff's Motion to Approve Notice to Former Putative Class Members of the Court's Class Certification Order.  For the reasons that follow, the Motion to Temporarily Stay Proceedings is **GRANTED IN PART AND DENIED IN PART**.   Defendant's corresponding Motion for Extension of Time is **DENIED**.  Specifically, the parties are directed to proceed with preparing the class notice for publication and mailing, but the Court will not permit dissemination the notice until the Court of Appeals for the Sixth Circuit has fully resolved Hyundai's petition for permissive leave to appeal. If the Court of Appeals grants the application for appeal, the Court will consider a renewed Motion to Stay.  The parties are directed to proceed with class discovery and briefing regarding notice.

**I.**

Plaintiff originally filed this case in August of 2004 on behalf of a putative class regarding allegedly defective post-repossession notice. Since then, the parties engaged in extensive motion practice and encountered several discovery disputes. On March 24, 2008, the Court issued an Opinion and Order certifying class of consumers in the State of Ohio, whose vehicles were repossessed and subsequently disposed of by Hyundai after the enactment of the amendments contained in Ohio Revised Code Chapter 1309.101.

Following the Opinion and Order, Hyundai filed a Petition for Permission to Appeal to the United States Court of Appeals for the Sixth Circuit on April 7, 2008, challenging this Court's certification of an Ohio-only class. Thereafter, Hyundai filed the instant Motion to Temporarily Stay Proceedings in this Court pending resolution of its Petition for Permission to Appeal. Hyundai specifically requests this Court to stay the issuance of any notices to the Ohio class; all proceedings related to Plaintiff's request to issue notices to former putative class members outside of Ohio; and the class-wide discovery, which Plaintiff propounded March 25, 2008.

**II.**

Federal Rule of Civil Procedure 23(f) provides, with respect to appeals, as follows:

> A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk within 10 days after the order is entered. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

Fed. R. Civ. P. 23(f).

The courts generally analyze motions to stay proceedings pending Rule 23(f) petitions for permissive appeal using a four-factor balancing test, similar to the standard employed to evaluate

requests for preliminary injunctive relief. In this case, the Court balances, with flexibility, the following four factors: (1) whether Hyundai is likely to succeed on the merits; (2) whether Hyundai will be irreparably harmed without a stay; (3) whether the issuance of a stay will cause substantial harm to other parties; and (4) whether the public interest would be served by the issuance of the stay. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991); *Holden v. Heckler*, 584 F. Supp. 463, 497 (N.D. Ohio 1984). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Griepentrog*, 945 F.2d at 153.

## III.

### A.    Success on the Merits

This Court must first assess Hyundai's likelihood of success of obtaining a reversal in the Court of Appeals of the decision certifying an Ohio-consumer class. An order granting class certification is interlocutory in nature and will only be disturbed upon a showing that a district court has clearly abused its discretion. "The district court's decision certifying the class is subject to a very limited review and will be reversed only upon a strong showing that the district court's decision was a clear abuse of discretion." *Olden v. LaFarge Corp.*, 383 F.3d 495, 507 (6th Cir. 2004) (internal quotation marks omitted). "The district court maintains substantial discretion in determining whether to certify a class, as it possesses the inherent power to manage and control its own pending litigation." *Reeb v. Ohio Dep't of Rehab. & Corr.*, 435 F.3d 639, 643 (6th Cir.2006) (citing *Stout v. J.D. Byrider*, 228 F.3d 709, 716 (6th Cir. 2000)). For the following reasons, the Court concludes that Hyundai is not likely to succeed on the merits.

## 1.   **Rigorous analysis**

Hyundai first contends that the Court failed to conduct a rigorous analysis required to determine whether Rule 23(a) requirements had been met in this case. Specifically, according to Hyundai, the Court "did not address the individualized case by case analysis under Ohio law that must be conducted under the rebuttable presumption rules in the event Jenkins is able to prove that [Hyundai] did not comply with the Ohio notice requirements." (Def's Mot. to Stay, at p. 7.) Hyundai posits that had it conducted a proper rigorous analysis, the Court would have analyzed "each cause of action asserted on behalf of the class; the elements of each cause of action; the types of proof required for each element; [Hyundai's] defenses and counterclaims; and how much proof of each can and will be presented to a jury." (Def's Reply, at p. 3.) Hyundai, however, has presented no authority that imposes such an encompassing burden on the Court to examine what amounts to the merits of the class claims at the certification stage, and the Court's independent research has revealed none.

Hyundai cites *Reeb v. Ohio Dep't of Rehab. & Corrections*, 435 F.3d 639, 640 (6th Cir. 2006), in support of its contention that it will likely prevail in the Sixth Circuit on the merits of its claim that this Court failed to conduct a rigorous analysis as required under Rule 23. In *Reeb*, the Court of Appeals held that the district court did not perform a rigorous analysis because it failed to "examine the nature of the [employment discrimination] claims raised by the named plaintiffs and the claims likely to be raised by other members of the class." *Id.* at 645. *Reeb* is distinguishable because it arose in the context of employment discrimination, allegedly arising from a generalized policy of gender-based discrimination in the work place. The court emphasized that, in a putative class action arising under Title VII raising claims of generalized discrimination, plaintiffs must

allege significant proof that their employer operated under a general policy that resulted in gender discrimination. "Employment discrimination claims," the court reasoned, "require proof that particular managers took particular employment actions and that either the managers were motivated by a discriminatory animus or the actions resulted in a disparate impact upon the class; the district court is therefore required to examine the incidents, people involved, motivations, and consequences regarding each of the named plaintiffs' claims to determine the typicality element of Rule 23(a)." *Id.* Here, however, analyzing whether Hyundai engaged in a uniform course of conduct with respect to issuing the same or substantially similar pre-disposition Notices to class member and whether these Notices violate Ohio law requires no such individualized inquiry into each particular incident, the automobile company's motivations or the consequences thereof. In any event, *Reeb* does not compel the district courts to engage in merit-based examinations into each cause of action asserted on behalf of the class in order to make proper determinations as to typicality and commonality under Rule 23(a) or predominance and superiority under Rule 23(b)(3).

Hyundai also cites *Beattie v. Century Tel, Inc.*, 511 F.3d 554 (6th Cir. 2007) as support for its position that the Court of Appeals will likely grant interlocutory review. Hyundai contends that the Sixth Circuit remanded the case in *Beattie* to the district court for failing to conduct a merits review of the plaintiffs' state law claims at the certification stage, and asserts that this Court has committed the same error. *Beattie*, however, cannot be read to require the district courts to inquire into the ultimate merits of the underlying lawsuit at the certification stage. In *Beattie*, the Court of Appeals remanded the case out of deference to the district court to permit consideration of whether to certify the state law claims:

The court may have meant that it planned to deal with the certification of state-law

-5-

> issues in a separate proceeding at a later time, or it may have meant that, within the
> same proceeding, it first planned to deal with the federal-law issues and then move
> on to the state-law matters. Given this uncertainty and the fact that the district court's
> certification analysis does not account for Plaintiffs-Appellees' state-law claims, a
> remand is appropriate for the district court to apply the Rule 23 criteria to the state-
> law claims.

*Beattie,* 511 F.3d at 568. *Beattie* does not support the proposition that the Court should have

engaged in the merits analysis proposed by Hyundai.

The Court still is of the mind that the common liability issue in this case is whether Hyundai

sent the statutorily required repossession notices to each member, and that resolution of the merit

issues involving the rebuttable presumption and commercial reasonableness under these Ohio

statutes was not proper at the certification stage. Moreover, the Court believes that it discharged its

duty to rigorously examine all the requirements of Rule 23, in compliance with Sixth Circuit case

law.

## 2. **Identification of Class Claims**

Hyundai also contends that the Court failed to identify the class claims, issues or defenses

as required by Rule 23(c)(1)(B), and provided no road map as to how the claims can be tried on a

class-wide basis with any reasonable level of manageability. Because, according to Hyundai, the

Court's certification order does not meet this requisite, Hyundai maintains that the Court of Appeals

will likely reverse on this ground. Hyundai relies on *Wachtel v. Guardian Life Ins. Co.*, 453 F.3d

179 (3[d] Cir. 2006) in support of its argument. The Third Circuit held in *Wachtel* that district courts

must clearly articulate the "claims, issues or defenses to be treated on a class basis," and that such

factors must be readily discernable from the certification order or the court's opinion.

The Sixth Circuit has not adopted *Wachtel* in its decisions interpreting Rule 23(c)(1)(B).

Even if *Wachtel* contains the correct standard, the certification order before the Third Circuit differed

significantly in content to this Court's order presently on review. In *Wachtel*, the complaint included

several complex issues arising under ERISA against multiple health-plan providers. The class issues

were interrelated with statutory claims and required individual assessments for each of the multiple

defendants. In a footnote, the district court stated only that common questions "relate to allegations

that, *inter alia*, [defendant] used outdated data to determine Usual, Customary, and Reasonable

charges, applied improper reimbursement methods, and failed to provide adequate disclosures to

beneficiaries." *Id.* at 189.

By contrast, this Court identified the factual and legal issues at stake in this case, examined

how they relate and are appropriate for class treatment and otherwise set forth all of the elements of

Rule 23(c)(1)(B) throughout the text of its Opinion and Order. The Court finds Hyundai's argument

to the contrary without merit.

### 3. Plaintiff Jenkins' Mental Health Issues

Hyundai next contends that "[e]qually subject to question is whether Jenkins has indeed met

her burden of establishing that she is an adequate class representative in light of her admitted health

issues." (Def's Mot., at p. 8.) The Court carefully considered and adequately addressed this issue

in its Opinion and Order in light of *In re American Medical Systems*, 75 F.3d 1069 (6th Cir. 1996).

Hyundai's assertion to the effect that the Court committed a wholesale lack of review of this issue

is baseless.

-7-

**B.    Public Interest in a Stay and Balance of Harms**

Hyundai maintains that the public interest weighs in favor of a stay to avoid confusing consumers who would be provided with potentially erroneous notices concerning the ongoing class action, who may then receive further contradictory notices, should the Court of Appeals reverse the Court's Order certifying the class. Hyundai also contends that engaging in class discovery and sending notices at this point will give rise to unwarranted additional expense. Plaintiffs, on the other hand, contend that granting the stay would delay the process of disseminating notice to a class that the Court has already certified, thus again protracting this already four-year old litigation.

The Court concludes that the minimal burden placed on Hyundai to address issues related to notice does not outweigh the hardship of delaying resolution of the litigation. Moreover, the Court finds that responding to discovery related to the vehicles that Hyundai repossessed and subsequently sold in Ohio– a number Hyundai estimates to be between 500 and 1200– is not unduly burdensome. Plaintiff has propounded discovery related to the names and address of Ohio class members, copies of the notices sent to them, and an accounting of the monies collected from the sale of the collateral. Plaintiff has been seeking this information from the inception of the case. Hyundai has produced limited information over the course of the case, but that which it has produced indicates that the company has the information Plaintiff seeks in its possession or may garner it with relative ease. Now that the class has been certified, and significantly circumscribed to the State of Ohio, as opposed to a near nationwide class, Hyundai will respond to class discovery so as to prevent any further delay.

-8-

The Court, however, finds compelling the potential confusion that could result for members of the class if the Court of Appeals were to vacate or modify the class certification order after notice has already been disseminated. In cases involving Rule 23(f) appeals, district courts ordinarily should stay the dissemination of class notice to avoid the confusion and substantial expense of re-notification that may result from appellate reversal or modification. Manual for Complex Litigation § 21.28, at 284.

## C.    Conclusion

On balance, then, these factors weigh in favor of denying Hyundai's Motion to Stay, with the exception of the actual publication and mailing of class notice. The parties shall confer in an attempt to reach agreement on a proposed order approving the form of class notice and, to the extent they reach agreement on the proposed order, they shall submit that proposed order to the Court on or before **JUNE 30, 2008**.[1]  On or before that same date, the parties shall file submissions outlining their disputes, if any, to the extent they are unable to reach agreement as to particular issues relating to class notice. Hyundai will likewise respond to Plaintiff's Motion to Approve Notice to Former Putative Class Members of the Court's Class Certification Order on or before **JUNE 27, 2008**.[2]

## IV.

---

[1]      The Court recognizes that Plaintiff has filed a Motion for Approval of Class Notice, which she submitted to Defendant for review and comment before it filed its petition for appeal and the instant Motion. Defendant did not respond to Plaintiff's request for comments. Now that the Court has resolved this matter, it is hopeful that Defendant will participate in communications to reach an agreement on the terms of the proposed class notice.

[2]      The Court expresses no opinion on the merits of Plaintiff's Motion as it relates to notice to former putative class members, and this Order should not be construed in any way as a decision on the issues raised therein.

For these reasons, Defendant Hyundai Motor Finance Company's Motion to Temporarily Stay Proceedings (Doc. #111) is **GRANTED IN PART AND DENIED IN PART** to the extent of this Order.  For the same reasons, Defendant's Motion for Extension of Time to Respond to Motion to Approve Notice to Former Putative Class Members of the Court's Class Certification Order (Doc #110) is **DENIED**.

**IT IS SO ORDERED.**

_6 - 2 - 2008_
**DATED**

**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**

-10-