**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

| | | |
|---|---|---|
| Vicki D. Jenkins, individually and on behalf of all similarly situated persons, | ) ) | CASE NO: C2 04 720 |
| | ) | JUDGE SARGUS |
| Plaintiff, | ) ) | MAGISTRATE JUDGE KING |
| v. | ) ) | |
| Hyundai Motor Finance Company, et al., | ) ) | |
| Defendants. | ) | |

**JOINT MEMORANDUM IN SUPPORT OF THE PARTIES' MOTION FOR**
**PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT**

I.   <u>INTRODUCTION</u>

Named Plaintiff brought this action alleging that defendant Hyundai Motor Finance Company ("HMFC"), violated the Uniform Commercial Code and the Ohio Retail Sales Installment Act, by issuing defective post-repossession notices to buyers who defaulted on retail sales contracts for the purchase of motor vehicles. Named Plaintiff sought compensatory and punitive damages, injunctive and declaratory relief, as well as costs and attorney fees. Defendant denied all allegations and filed a counterclaim.

After more than four years of contentious litigation, extensive briefing, substantial discovery efforts, and lengthy settlement negotiations with two separate mediators, the parties have reached an agreement on a proposed class action settlement that will resolve all claims. The proposed settlement submitted with this motion for the Court's preliminary approval, will provide the following benefits to Settlement Class Members:

- HMFC shall agree that Settlement Class Members do not owe any deficiency balances on their accounts and have no obligation to pay the deficiency balances. HMFC represents

for purposes of the Settlement Agreement that the outstanding principal deficiency balances on the accounts for the Settlement Class Members total approximately $5.6 million.

- HMFC shall correct its internal account records for Settlement Class Members to reflect a zero balance on the accounts.

- HMFC shall take no further action to collect or attempt to collect deficiency balances on accounts of Settlement Class Members and shall dismiss any legal action pending against any Settlement Class Member concerning deficiency balances; and

- HMFC shall transmit electronically or by mail a request to Equifax, Experian, and Transunion (collectively "Credit Reporting Agencies") to delete any reference to HMFC deficiency balances on the accounts of Settlement Class Members for each Settlement Class Member.

As discussed below, the settlement is fair, reasonable and adequate and should be preliminarily approved.

## II.    <u>STATEMENT OF THE CASE</u>

This consumer class action is based on allegations that HMFC failed to satisfy the requirement that a creditor who repossesses collateral provide notice to the debtor before disposing of the collateral. Named Plaintiff Vicki Jenkins had her automobile repossessed by HMFC in 2002.  Jenkins alleges she did not receive the proper notice relating to the sale of her vehicle after repossession. Thereafter, HMFC attempted to collect from Jenkins an amount equal to the difference between what she owed at the time of repossession and the amount HMFC received from its sale of the vehicle (the "deficiency").

Plaintiff alleges that HMFC'S actions violated the U.C.C. provisions concerning disposition of secured collateral (found at R.C. §1309.610 *et seq)*  and Ohio's Retail Installment Sales Act ("RISA"), R.C. 1317.01 <u>et seq</u> .  Specifically, Plaintiff alleges that HMFC's failure to send the required notice and its attempts to collect the deficiency after auctioning Jenkins'

vehicle violate the statutory requirement that creditors provide notice following the repossession advising of specific aspects of the planned disposition of vehicles prior to selling the vehicle. The notice requirement at issue in this case requires that the notice contain certain information and that it be delivered to the consumer following the repossession-but prior to the disposition-of the vehicle (often referred to as the "post-repossession, pre-disposition notice"). HMFC denies these allegations and has asserted a counterclaim for the full deficiencies against both Named Plaintiff and absent class members.

The action was certified as a class action on March 24, 2008, and was defined as follows:

> Consumers in the State of Ohio whose vehicles were repossessed and subsequently disposed of by [HMFC] after the July 1, 2001 enactment of the amendments contained in Chapter 1309.101, *et seq.,* the State's version of Section 9-611 of the Uniform Commercial Code.

Notice to the Class has been held in abeyance while the parties negotiated this settlement.

In addition to the claims related to deficiencies in HMFC's post-repossession notice, Mrs. Jenkins has asserted individual claims related to HMFC's failure to properly submit information related to an insurance claim filed by Mrs. Jenkins.   Those claims have been separately resolved.

## III.    TERMS OF THE SETTLEMENT

The full text of the parties' Settlement Agreement is attached hereto as Exhibit 1.  The terms of the settlement are summarized below:

### A.  Elimination Of Deficiency Balances

HMFC has agreed that Settlement Class Members will not owe any deficiency on the Settlement Class Accounts (defined in the Settlement Agreement as a Settlement Class Member's account with HMFC which is subject to the Settlement Agreement)  and have no obligation to pay any deficiency.  Outstanding principal deficiency balances on the Settlement Class Accounts total approximately $5.6 million,  HMFC will correct its internal records to reflect a zero balance

on Settlement Class Accounts, and will take no further collection activity on those accounts. Settlement Agreement ¶ 2.2 (a,b,c).

### B. Correction of Credit Reports

HMFC will seek the revision of the credit histories of Settlement Class members by requesting that Equifax, Experian, and TransUnion delete any reference to Settlement Class members' purported deficiency balances. Settlement Agreement ¶ 2.2(d).[1]

### C. Incentive Award To Named Plaintiff

The Settlement Agreement provides for payment of an incentive award to Vicki Jenkins in the amount of $5,000.  The payment of the incentive award is separate from and in addition to the relief provided by the Settlement Agreement to Settlement Class members.  Settlement Agreement ¶ 2.3.

### D. Attorney Fees And Expenses

Jenkins will seek and HMFC shall not object to Jenkins's entitlement to an award of attorneys' fees, costs and expenses in an amount not greater than $443,500 (four hundred forty-three thousand five hundred dollars).  Payment of attorneys' fees, costs, and expenses is separate from and in addition to the relief provided to members of the Settlement Class.  Settlement Agreement ¶ 2.5.

---

[1] Pursuant to the Settlement Agreement, the transmittal shall reference the name, last known address, account number and, if available, social security number of each Settlement Class Member and shall be submitted together with whatever forms the Credit Reporting Agencies require to effectuate the change.  However, it is understood and agreed that: (i) the Credit Reporting Agencies are independent companies and not affiliated with HMFC; (ii) HMFC cannot and does not guarantee when, or how the Credit Reporting Agencies will act upon the requests for deletion of the Settlement Class Member trade lines; (iii) HMFC is not responsible for assuring or compelling any Credit Reporting Agency's action in response to the requests for deletion of the Settlement Class Member trade lines; and (iv) HMFC will not be liable to any Settlement Class Member for the failure by one or more of the Credit Reporting Agencies to properly delete a trade line.  However, if after ninety (90) days from the Distribution Date, one or more of the Credit Reporting Agencies fail to delete a trade line as requested by HMFC, Class Counsel or any individual member of the Settlement Class may request that HMFC resubmit the request to one or more Credit Reporting Agencies to delete the trade line. HMFC's obligation is limited to not more than one resubmission to each Credit Reporting Agencies for each Settlement Class Member. Within thirty (30) days of receipt of such a request, HMFC will resubmit a request to delete the trade line.  Any such request to resubmit should be made in writing and sent by certified mail to HMFC at the following address: P.O. Box 20829, Fountain Valley, CA 92708-0829.

**E.  Identification Of Settlement Class Members**

No later than ten (10) days after preliminary approval, HMFC will provide a class list to class counsel which includes the name, account number, deficiency balance, and deficiency balance payments for all settlement class members. Settlement Agreement  ¶ 3.2.

**F.  Mailing Of Class Notice**

No later than thirty (30) days after Preliminary Approval, HMFC or its agents shall send the Class Notices by First Class Mail to all individuals identified on the Class List.  Settlement Agreement ¶ 3.4.   A proposed form of Notice is attached hereto as Exhibit A to the Settlement Agreement.

Before mailing the Class Notice, HMFC or its agents shall perform an address check of the entire Class List through the National Change of Address database to update the addresses of Settlement Class Members. HMFC shall use the address found in the National Change of Address database or the last known address, if no new address is found. For Class Notices returned by the Postal Service for lack of a current correct address, HMFC shall attempt to conduct a further address search using the same tools it currently uses for deficiency collection and re-mail the Class Notice by First Class Mail to any subsequently obtained addresses. Settlement Agreement ¶ 3.5.

**G.  Declaration Of Compliance**

Twenty (20) days after mailing the notice to the Settlement Class Members, HMFC shall provide the Court and Class Counsel with a declaration confirming that notice was made to Settlement Class Members and enumerating the steps it took during the class notice process. Settlement Agreement ¶ 5.1.

**H.  Settlement Administration Costs**

HMFC shall pay all costs of the settlement administration, including but not limited to, the costs related to class notice, address updates, correction of credit reports, and the toll-free line for Settlement Class Member questions.  These costs shall be separate from and in addition to relief provided to Settlement Class Members and the award of attorneys' fees, costs, and expenses.  HMFC shall not be responsible for additional costs of settlement administration incurred by Class Counsel in excess of any such amount awarded by the Court.   Settlement Agreement ¶ 3.11.

### I.  Opt-Outs

Any Settlement Class Member who wishes to be excluded from the Settlement Class must submit a Request for Exclusion to HMFC and Class Counsel at the addresses specified in the Class Notice by the date recited in the Class Notice.  To be effective, the Request for Exclusion must be sent to the specified addresses and:

(a)     include the Settlement Class Member's full name, address and telephone number; and

(b)     specifically and unambiguously state his or her desire to be excluded from the Settlement Class in Case No. C2-04-720; *Vicki D. Jenkins, et al v. Hyundai Motor Finance Company, et al.*

Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion sent to the proper addresses will be bound by the Settlement Agreement and every order or judgment entered pursuant to that Agreement.  Any purported Request for Exclusion sent to such addresses that is ambiguous or internally inconsistent with respect to the Settlement Class Member's desire to be excluded from the Settlement Class will be deemed invalid unless determined otherwise by the Court.  Any communications from Settlement Class Members (whether styled as an exclusion request, an objection, or a comment) as to which it is not readily

apparent whether the Settlement Class Member meant to exclude himself or herself from the Settlement Class will be evaluated jointly by counsel for the Parties, who will make a good faith evaluation if possible. Any uncertainties about whether a Settlement Class Member is requesting exclusion from the Settlement Class will be resolved by the Court.

### J. Objections

Any Settlement Class Member who intends to object to the fairness of this Agreement must, by the date specified in the Class Notice, file any such objection with the Court, and provide copies of the objection to counsel for the parties.  Settlement Agreement ¶ 3.7.

Any objection to the Settlement Agreement must include:

(a)     the objector's full name, address and telephone number;

(b)     a written statement of all grounds for the objection accompanied by any legal support for such objection;

(c)     copies of any papers, briefs or other documents upon which the objection is based;

(d)     a list of all persons who will be called to testify in support of the objection;

(e)     a statement whether the objector intends to appear at the Final Approval Hearing; and

(f)     a list of all cases in which the objector and/or their counsel has filed objections to a class action settlement in the preceding five (5) years.

If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Final Approval Hearing.  Settlement Agreement ¶ 3.7.

Any member of the Settlement Class who does not file a timely written and notice of his or her intent to appear at the Final Approval Hearing or who fails to otherwise comply with the

7

requirements of the Settlement Agreement shall be foreclosed from seeking any adjudication or review of the Settlement Agreement by appeal or otherwise.  Settlement Agreement ¶ 3.7.

### K. Releases

Jenkins and Settlement Class Members who have not timely excluded themselves shall be deemed to have covenanted and agreed that, upon HMFC's compliance with the terms of this Agreement, Jenkins and Settlement Class Members, on the one hand, and HMFC, on the other hand, shall mutually release and forever discharge each other from any and all claims, demands, actions, causes of action and suits pleaded against HMFC, Jenkins or Settlement Class Members in this action and all other claims, demands, causes of action of any nature whatsoever, including but not limited to violations of federal, state or other law (whether in contract, tort or otherwise, including statutory and injunctive relief, common law, property, warranty and equitable claims), and also including unknown claims that were or could have been asserted in this action or in any other complaint, action or litigation in any other court or forum based upon or in any way relating to the accounts of the Settlement Class at HMFC. Settlement Agreement ¶ 4.1.

Jenkins and HMFC expressly understand and acknowledge that it is possible that unknown losses or claims exist and that present losses may have been underestimated in amount or severity.  Jenkins and HMFC explicitly took that possibility into account when entering into this Agreement, and a portion of the consideration and the mutual covenants contained herein, was given in exchange for full accord satisfaction and discharge of all such losses or claims. Settlement Agreement ¶ 4.2

The release provisions of this Agreement shall not apply in any manner to individuals who opt out of the Settlement Class or who do not fall within the definition of the Settlement Class.  Settlement Agreement ¶ 4.3

## L.  Verifications

Within thirty (30) days of the Distribution Date, HMFC shall provide Class Counsel with a declaration verifying that HMFC has fully performed all of its obligations under this Agreement.  Settlement Agreement ¶ 5.1.

## IV.  LAW AND ARGUMENT

In order to approve the Settlement, the Court must find that it is fair, reasonable, and adequate.  *Olden v. Gardner,* 294 Fed. Appx. 210, 217 (6th Cir. 2008);  Fed. R. Civ. P. 23(e)(2). The parties believe that the Settlement is fair, reasonable, adequate, and clearly worthy of final judicial approval.

Under Fed. R. Civ. P. 23(e), a class action cannot be settled without the approval of the Court. The procedure for approving a class action settlement consists of three steps: (1) a preliminary fairness evaluation; (2) notice to the Class; and (3) a final approval order issued after notice of the settlement is disseminated and a hearing to consider the fairness of the proposed settlement has been held. *Bronson v. Board of Educ.,* 604 F. Supp. 68, 71 (S.D. Ohio 1984) .

The preliminary approval is an "initial evaluation" of the fairness of the proposed settlement made by the Court on the basis of written submissions and informal presentation from the settling parties.  Manual for Complex Litigation, (Fourth) ("Manual") § 21.632 (2004). The purpose of the preliminary approval process is to determine whether the proposed settlement is within the range of reasonableness and thus, whether notice to the class of the terms and conditions and the scheduling of a formal fairness hearing is worthwhile.  4 Newberg on Class Actions ("Newberg") § 11.25 (4th ed. 2002).  Therefore, in considering preliminary approval, the issue before the court is whether the

proposed settlement is "fair, reasonable and adequate." *UAW v. GMC,* 2007 FED App. 0298P (6th Cir. 2007). "Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted." *In re Telectronics Pacing Sys.,* 137 F. Supp. 2d 985 (S.D. Ohio 2001*)* (citing Manual § 30.41).

The Sixth Circuit has identified six factors that the court should weigh in determining whether a proposed class settlement is fair, adequate and reasonable:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; and (6) the reaction of absent class members.

*UAW*, 2007 FED App. 0298P, 12 (6th Cir. 2007)[2]. As discussed below, consideration of the applicable criteria demonstrates that the Settlement is fair, reasonable and adequate and the product of serious, informed, non-collusive negotiations and therefore warrants preliminary approval.

## A.  The Risk Of Fraud Or Collusion

In assessing whether there is a risk of fraud, the court should rely on its own familiarity with the issues, the results of discovery, and the character of the negotiations prior to entry of the decree. *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983).

The Court has been actively involved with this litigation since its inception, and is very much aware of the issues presented herein.  As the Court is also aware, the parties began the discovery process early in the litigation, a process which included protracted and contentious briefing.

---

[2] The *UAW* court identified a seventh factor, whether the settlement is in the "public interest".  That factor appears to have specific applicability in civil rights cases.

Prior to entering into the Settlement, counsel engaged in extensive arms-length negotiations. Final agreement was reached only after extensive discussions between the Parties, including two separate mediations, one before a nationally-recognized mediator and another before a court-appointed mediator.  Given the aggressive way in which this action was prosecuted and defended, it is readily apparent that the Settlement is not the product of collusion.

**B.  The Complexity Of The Litigation**

This case has presented several novel legal issues, including those pertaining to the type of remedy available for a failure to comply with the statutory notice requirement.  In addition, the parties continue to contest factual issues concerning whether the content of the notice used by HMFC complied with applicable statutes.   Resolution of these issues will likely require a trial on the merits.

**C.  The Amount Of Discovery Conducted By The Parties**

HMFC has produced hundreds of customer files, and several hundred pages of documents related to its repossession and post-repossession operations.  In addition, its key employee on the key issues in this case has been deposed.

Named Plaintiff has fully cooperated with Defendant's discovery requests.   She has fully responded to written discovery, and appeared for a day-long deposition.

The parties believe that all relevant discovery has been exchanged, and each has the information needed to fully evaluate the proposed settlement.

**D.  The Likelihood Of Success On The Merits**

The central allegation in this litigation is whether HMFC failed to comply with statutory notice requirements and if so, what remedy, if any, is available to the Class.  While the Class believes that it will be able prove that HMFC failed to comply with the statutory notice

requirements such that they would be entitled to affirmative relief, HMFC vigorously disputes this claim.  If the Court were to accept the arguments of HMFC, Settlement Class Members could recover nothing in the present litigation and could be held liable for the deficiency balances asserted against them by HMFC. In contrast, if the Court were to find for the Class, HMFC could be required to make restitution to the Class in an amount that would likely be equal to what the Class will receive through this Settlement.   The parties believe that the Settlement adequately balances these considerations.

### E.  The Opinions Of Class Counsel And The Class Representative

Class counsel, fully mindful of its obligations to the Class, recommends the Settlement to the Court.  Class Counsel has discussed the Settlement with the Plaintiff, and she is fully in favor of the Court's approval of the Settlement.

### F.  The Reaction Of Absent Class Members

While it is too early to know how the Class as a whole will respond to the Settlement proposal, the Plaintiff's approval is an indication that preliminary approval should be granted.

### V.    ATTORNEY FEES

Pursuant to the terms of the Settlement agreement, Plaintiff's Counsel will submit a formal application for attorneys' fees and reimbursement of expenses in advance of the Final Hearing. For purposes of the preliminary approval motion, Plaintiff submits the following:

The amount of attorneys' fees and expenses was negotiated by the Parties only after the Parties had reached agreement as to the class relief.   As a result of those negotiations, HMFC does not oppose Class Counsel's request for fees and expenses in an amount not to exceed $443,500.

If the Court approves Class Counsel's fee request, the Defendants will pay this amount in addition to the relief provided to the Class. The fees paid to Class Counsel do not reduce  in any way

12

the benefits paid to the Class, and therefore the Defendants had every incentive to minimize the amount of fees that it would agree to pay Plaintiff's Counsel.

At the time of the Final Hearing (and not including future work to be performed in connection with the administration of the settlement), Class Counsel anticipates that its combined loadstar will be approximately $2,000,000. During the fee negotiations, the Parties negotiated primarily on a lodestar basis,  and agreed upon a negotiated figure of $443,5000 for attorneys' fees and expenses, a figure significantly less than the lodestar and equal to less than 10% of the value of the forgiven debt to the class.  This figure is well within the range of reasonable attorney fees.

## CONCLUSION

For all the reasons set forth above, the Plaintiff respectfully requests that the Court conditionally certify the Settlement Class, approve the Settlement, and enter an Order, in substantially the form as the accompanying Preliminary Approval Order (attached hereto as Exhibit B to the Settlement Agreement).

Dated:  April 6, 2009                             Respectfully submitted,


**FOR PLAINTIFF AND THE PLAINTIFF CLASS:**    **FOR DEFENDANT HYUNDAI MOTOR FINANCE CO.:**

**/s/ David P. Meyer**                        **/s/ Jeffrey R. Seewald (per email authority)**
David P. Meyer (0065205)                      Jeffrey R. Seewald (Texas Bar No. 17986640)
dmeyer@dmlaws.com                             sjseewald@mcglinchey.com
Trial Attorney for Plaintiff                  MCGLINCHEY STAFFORD, PLLC
DAVID P. MEYER & ASSOCIATES CO., LPA          1001 McKinney, Suite 1500
1320 Dublin Road, Suite 100                   Houston, TX 77002
Columbus, Ohio 43215                          Phone: (713) 520-1900
Telephone:(614) 224-6000                      Facsimile: (713) 520-1025
Facsimile: (614) 224-6066

13

Thomas A. Hargett
tahargett@mhclaw.com
Maddox Hargett & Caruso
10100 Lantern Road
Fishers, Indiana 46038
Telephone: (317) 598-2052
Facsimile: (317) 598-2050

Barbara Quinn Smith (0055328)
bqsesq@aol.com
Maddox Hargett & Caruso
9853 Johnnycake Ridge Rd.
Suite 302
Mentor, OH 44060
Telephone: 440-354-4010
Facsimile: 440-848-8175

Scott L. Starr
starr@starrausten.com
Andrew B. Miller
miller@starrausten.com
STARR AUSTEN TRIBBETT MYERS & MILLER
201 South Third Street
Logansport, Indiana 46947
Telephone: (574) 722-6676
Facsimile: (574) 753-3299

*Attorneys for Plaintiff Vicki Jenkins*

James S. Wertheim (0029464)
jwertheim@mcglinchey.com
MCGLINCHEY STAFFORD, PLLC
25550 Chagrin Blvd., Suite 406
Cleveland, OH 44122
Phone: (216) 378-9905 / Facsimile: (216) 378-9910

Anthony Rollo (Louisiana Bar No. 01133)
arollo@mcglinchey.com
MCGLINCHEY STAFFORD, PLLC
One American Place, 14th Floor
301 Main Street
Baton Rouge, Louisiana 70825
Phone: (225) 382-3685
Facsimile: (225) 343-3076

*Attorneys for Hyundai Motor Finance Company*