## SETTLEMENT AGREEMENT

WHEREAS, Plaintiff Vicki Jenkins ( "Jenkins"), individually and on behalf of similarly situated persons commenced an action against Hyundai Motor Finance Company ("HMFC")(Jenkins and HMFC collectively constitute the "Parties") on August 6, 2004, through a Complaint filed in the United States District Court for the Southern District of Ohio, Eastern Division (Case No. 2:04-CV-720);

WHEREAS, Jenkins brought claims against HMFC predicated on alleged violations of the OHIO RETAIL INSTALLMENT SALES ACT ( INCLUDING O.R.C. §§ 1317.12 AND 1317.16) and similar statutes of other states, the OHIO DISPOSITION OF SECURED COLLATERAL ACT (INCLUDING O.R.C. §§ 1309.610, 1309.611, 1309.612, 1309.613, AND 1309.625) and similar statutes of other states, the OHIO CONSUMER SALES PRACTICES ACT ( O.R.C. 1345.01, *ET SEQ.*) and similar statutes of other states, as well as asserting common law causes of action for unjust enrichment, conversion, breach of contract, breach of the implied terms of good faith and fair dealing, breach of fiduciary duty and other special duty of trust/confidence and seeking equitable and injunctive relief, compensatory and punitive damages, declaratory relief and attorneys' fees;

WHEREAS, on September 30, 2005, the Court dismissed Jenkins' causes of action under Ohio Rev. Code. Section 1317.12, the Consumer Sales Practices Act and the claim for breach of fiduciary duty. The Court denied HMFC's motion to dismiss Jenkins' remaining claims;

WHEREAS, HMFC brought a counterclaim against Jenkins and asserted a conditional counterclaim against members of the putative class for deficiency amounts alleged to be owed to HMFC by Jenkins and members of the putative class;

254101.2



WHEREAS, on March 24, 2008, the Court granted Jenkins's Motion for Class Certification in part, certifying the following class:

> Consumers in the State of Ohio whose vehicles were repossessed and subsequently disposed of by [HMFC] after the July 1, 2001 enactment of the amendments contained in Chapter 1309.101, *et seq.,* the State's version of Section 9-611 of the Uniform Commercial Code;

WHEREAS, by order entered on January 15, 2009, the Court established an end date of March 24, 2008 for the class certified;

WHEREAS, HMFC contends that Ohio applies the "rebuttable presumption" rule with regard to pre-disposition notice issues and that pursuant to the "rebuttable presumption" rule and applicable Ohio statutes that Jenkins and the members of the class would remain liable to HMFC regardless of whether they were successful on their claims;

WHEREAS, Jenkins contends that Ohio applies the "absolute bar" rule with regard to pre-disposition notices and pursuant to the "absolute bar" rule and applicable Ohio statutes that Jenkins and members of the class would recover damages and avoid any liability to HMFC if successful on their claims;

WHEREAS, HMFC and Jenkins both deny the allegations made against them, deny any liability with respect to the allegations, further deny that the other party has suffered any damage but nevertheless desire to settle the action on the terms and conditions set forth herein for the purposes of avoiding the burden, expense, and uncertainty of litigation;

WHEREAS, Class Counsel have conducted an investigation into the facts and law related to this action, engaged in extensive discovery directed toward HMFC, and fully analyzed and evaluated the merits of the parties' contentions and how this settlement will impact all parties, including members of the Settlement Class; and

2

WHEREAS, after taking into account the foregoing, the risks of continued litigation and the likelihood that the action, if not settled now, will be protracted and expensive, Class Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate, and that a settlement of the action is in the best interests of the Settlement Class.

NOW, THEREFORE, Jenkins and HMFC, through their undersigned counsel, agree to the settlement of this Action, subject to Court approval, under the terms and conditions stated herein.

## I.    DEFINITIONS

1.1    "Action" means the case entitled *Vicki Jenkins v. Hyundai Motor Finance Co., Inc.,* in the United States District Court for the Southern District of Ohio in the Eastern Division, Case No. 2:04-CV-720, including the related counterclaim and conditional counterclaim.

1.2    "Agreement" means this Settlement Agreement.

1.3    "Class Counsel" means the law firms of DAVID P. MEYER & ASSOCIATES CO., L.P.A.; MADDOX, HARGETT & CARUSO; and STARR AUSTEN & MILLER.

1.4    "Class Notice" means the notification of settlement that will be mailed to Settlement Class Members in substantially the form that is attached hereto as Exhibit A.

1.5    "Court" means the United States District Court for the Southern District of Ohio, Eastern Division.

1.6    "Deficiency Balance" means the account balance remaining on a Settlement Class Account after the repossession and disposition of a Settlement Class Member's motor vehicle and the application of the proceeds of the sale to that Settlement Class Account, plus all accrued interest and other charges.

3

1.7    "Deficiency Judgment" means any judgment in any Court in any jurisdiction against a member of the Settlement Class for a Deficiency Balance.

1.8    "Distribution Date" is ten (10) days after the Effective Date as set forth in paragraph 1.10.

1.9    "Effective Date" means the day on which the Final Approval Order becomes final.  For the purposes of this Agreement, the Final Approval Order shall be deemed to become final on the later of (i) the 31st day after it is entered (the date following the date on which it is no longer subject to review by appeal or otherwise) or (ii) if an appeal of the Final Approval Order is filed, on the day following the date on which the Final Approval Order is not subject to further judicial review or appeal, provided that the Final Approval Order is not reversed or modified in any way by the Court or an appellate court.

1.10    "Final Approval Hearing" means the hearing held before the Court at which time the Court will either grant approval of this Agreement and enter the Final Approval Order or deny approval of this Agreement.

1.11    "Final Approval Order" means an order entered by the Court approving this Agreement, dismissing all claims with prejudice and awarding attorneys' fees, costs, and expenses in all material respects substantially in accordance with this Agreement;

1.12    "Preliminary Approval" of this Agreement means that the Court has entered an Order preliminarily approving the terms and conditions of this Agreement, including the manner of providing notice to the Settlement Class in all material respects substantially in the form attached hereto as Exhibit B.

4

1.13    "Released Claims" shall mean and includes any and all claims, demands, actions, causes of action and suits pleaded against HMFC, Jenkins or Settlement Class Members in the Action and all other claims, demands, causes of action of any nature whatsoever, including but not limited to violations of federal, state or other law (whether in contract, tort or otherwise, including statutory and injunctive relief, common law, property, warranty and equitable claims), and also including unknown claims that were or could have been asserted in the Action or in any other complaint, action or litigation in any other court or forum based upon or in any way relating or arising out of the sales contracts for the purchase of motor vehicles assigned to or acquired by HMFC which constitute the Settlement Class Accounts.

1.14    "Representative Plaintiff" means Vicki Jenkins as representative of the Settlement Class.

1.15    "Settlement Class" means consumers in the State of Ohio who entered into sales contracts for the purchase of a motor vehicles which were assigned to HMFC  and whose vehicles were repossessed or surrendered in Ohio and subsequently disposed of by HMFC after July 1, 2001 and before March 25, 2008, and expressly excludes (a) any person who was not an Ohio resident at the time the motor vehicle was repossessed, (b) any person who submits a valid and timely request for exclusion,  (c) any person whose Deficiency Balance has been discharged prior to March 25, 2008, in a bankruptcy proceeding , or (d) as any person against whom HMFC has obtained a Deficiency Judgment prior to March 25, 2008;

1.16    "Settlement Class Account" means the Settlement Class Member's account with HMFC  representing the sales contract for the purchase of a motor vehicle which gives rise to a Settlement Class Member's inclusion in the Settlement Class.

5

1.17   "Settlement Class Member" means a member of the Settlement Class and that person's heirs, successors and assigns.

1.18   As used herein, the plural of any defined term includes the singular thereof and the singular of any defined term includes the plural thereof as the case may be.

## II.   <u>GENERAL TERMS OF THE SETTLEMENT</u>

2.1   For the purposes of the settlement and the proceedings contemplated herein, the parties stipulate and agree to the definition of the Settlement Class set forth in Section 1.15.

2.2. On the Distribution Date, HMFC shall provide the following relief to all Settlement Class Members:

a.   HMFC shall agree that Settlement Class Members do not owe any Deficiency Balances on the Settlement Class Accounts and have no obligation to pay the Deficiency Balances.   HMFC represents for purposes of this Agreement that the principal outstanding Deficiency Balances on the Settlement Class Accounts total approximately $5.6 million;

b.   HMFC shall correct its internal account records for Settlement Class Members to reflect a zero balance on Settlement Class Accounts.

c.   HMFC shall take no further action to collect or attempt to collect Deficiency Balances on Settlement Class Accounts from Settlement Class Members, shall recall the Settlement Class Accounts of Settlement Class Members from any internal collection departments and any outside collection agencies to which HMFC may have sent Settlement Class Accounts for collection, shall dismiss any legal action pending against any Settlement Class Member concerning Deficiency Balances on Settlement Class Accounts; and,

6

     d.  HMFC shall transmit electronically or by mail a request to Equifax, Experian, and Transunion (collectively "Credit Reporting Agencies") to delete any reference to HMFC Deficiency Balances on Settlement Class Accounts for each Settlement Class Member. The transmittal shall reference the name, last known address, account number and, if available, social security number of each Settlement Class Member and shall be submitted together with whatever forms the Credit Reporting Agencies require to effectuate the change. However, it is understood and agreed that: (i) the Credit Reporting Agencies are independent companies and not affiliated with HMFC; (ii) HMFC cannot and does not guarantee that, when, or how the Credit Reporting Agencies will act upon the requests for deletion of the Settlement Class Member trade lines; (iii) HMFC is not responsible for assuring or compelling any Credit Reporting Agency's action in response to the requests for deletion of the Settlement Class Member trade lines; and (iv) HMFC will not be liable to any Settlement Class Member for the failure by one or more of the Credit Reporting Agencies to properly delete a trade line. However, if after ninety (90) days from the Distribution Date, one or more of the Credit Reporting Agencies fail to delete a trade line as requested by HMFC, Class Counsel or any individual member of the Settlement Class may request that HMFC resubmit the request to one or more Credit Reporting Agencies to delete the trade line, HMFC's obligation being limited to not more than one resubmission to each Credit Reporting Agencies for each Settlement Class Member. Within thirty (30) days of receipt of such a request, HMFC will resubmit a request to delete the trade line. Any such request to resubmit should be made in writing and sent by certified mail to HMFC at the following address: PO Box 20829, Fountain Valley, CA 92708-0829.

2.3. Separate from and in addition to the relief provided elsewhere in this Agreement, and subject to Court approval, HMFC shall pay Jenkins an incentive award in the amount of $5,000 (five thousand dollars). HMFC shall not oppose in any way Jenkins's request for an incentive award in this amount. The incentive award shall be paid by check payable to Jenkins, and the check shall be delivered to Class Counsel on or before the Distribution Date.

2.4. In complete satisfaction and settlement of Jenkins' individual claims against HMFC, HMFC shall pay Jenkins the amount of $9,000 (nine thousand dollars). This amount shall be paid by check payable to Jenkins and the check shall be delivered to DAVID P. MEYER & ASSOCIATES CO., L.P.A on or before the Distribution Date.

2.5. Jenkins will seek and HMFC shall not object to Jenkins's entitlement to an award of attorneys' fees, costs and expenses in an amount not greater than $443,500 (four hundred forty-three thousand five hundred dollars). Payment by HMFC of attorneys' fees, costs, and expenses is separate from and in addition to the relief provided to members of the Settlement Class. Assuming approval of the fee award by the Court, HMFC shall pay the award to Class Counsel on or before the Distribution Date in accordance with instructions that Class Counsel will provide.

## III.   CLASS SETTLEMENT AND ADMINISTRATION PROCEDURES

3.1    The Settlement Class, through Class Counsel, shall promptly move the Court for Preliminary Approval of the settlement and seek the entry of an order granting Preliminary Approval; certifying the Settlement Class in accordance with the definition of section 1.16 above; approving the Class Notice; and approving class settlement procedures. HMFC shall not oppose the motion for preliminary approval in any manner.

8

3.2     No later than ten (10) days after Preliminary Approval, HMFC shall provide an electronic list of the names and account numbers of all members of the Settlement Class (the "Class List") to Class Counsel.  The Class List also shall set forth the Deficiency Balance for each Settlement Class Member.  The Class List shall be in an electronic format that Class Counsel can use readily.

3.4     HMFC or its agents no later than thirty (30) days after Preliminary Approval shall send the Class Notices by First Class Mail to all individuals identified on the Class List.

3.5     Before mailing the Class Notice HMFC or its agents shall perform an address check of the entire Class List through the National Change of Address database to update the addresses of Settlement Class Members. For Class Notices returned by the Postal Service for lack of a current correct address,  HMFC shall attempt conduct a further address search using the same tools it currently uses for deficiency collection and re-mail the Class Notice by First Class Mail to any subsequently obtained addresses.

3.6     Twenty (20) days after mailing the notice to the Settlement Class Members, HMFC shall provide the Court and Class Counsel with a declaration confirming that notice was made to Settlement Class Members the steps it took during the class notice process.

3.7     Any Settlement Class Member who intends to object to the fairness of this Agreement must, by the date specified in the Class Notice, file any such objection with the Court in the manner prescribed in the Class Notice, and provide copies of the objection to David P. Meyer, DAVID P. MEYER & ASSOCIATES CO., LPA, 1320 Dublin Road, Suite 100, Columbus, Ohio 43215 and James Wertheim, MCGLINCHEY STAFFORD, PLLC, 25550 Chagrin Boulevard, Suite 406, Cleveland,  Ohio 44122-4640.

Any objection to this Agreement must include:

(a)     the objector's full name, address and telephone number;

(b)     a written statement of all grounds for the objection accompanied by any legal support for such objection;

(c)     copies of any papers, briefs or other documents upon which the objection is based;

(d)     a list of all persons who will be called to testify in support of the objection;

(e)     a statement whether the objector intends to appear at the Final Approval Hearing; and

(f)     a list of all cases in which the objector and/or their counsel has filed objections to a class action settlement in the preceding five (5) years.

If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Final Approval Hearing.

Any member of the Settlement Class who does not file a timely written and notice of his or her intent to appear at the Final Approval Hearing or who fails to otherwise comply with the requirements of this section shall be foreclosed from seeking any adjudication or review of this Agreement by appeal or otherwise.

3.8     **Request for Exclusion.**   Any Settlement Class Member who wishes to be excluded from the Settlement Class must submit a Request for Exclusion to both Class Counsel and HMFC or its agents at the address specified in the Class Notice by the date recited in the Class Notice.  To be effective, the Request for Exclusion must be sent to the specified address and:

(a)     include the Settlement Class Member's full name, address and telephone number; and

(b)     specifically and unambiguously state his or her desire to be excluded from the Settlement Class in Case No. C2-04-720; *Vicki D. Jenkins, et al v. Hyundai Motor Finance Company, et al.*

Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion sent to the proper address shall be subject to and bound by this Agreement and every order or judgment entered pursuant to this Agreement.  Any purported Request for Exclusion sent to such address that is ambiguous or internally inconsistent with respect to the Settlement Class Member's desire to be excluded from the Settlement Class will be deemed invalid unless determined otherwise by the Court.  Any communications from Settlement Class Members (whether styled as an exclusion request, an objection, or a comment) as to which it is not readily apparent whether the Settlement Class Member meant to exclude himself or herself from the Settlement Class will be evaluated jointly by counsel for the Parties, who will make a good faith evaluation if possible. Any uncertainties about whether a Settlement Class Member is requesting exclusion from the Settlement Class will be resolved by the Court.

3.9     HMFC shall pay the costs of a toll-free number that Settlement Class Members may call with questions about the Class Notice and this Agreement.

3.10     Before the Final Approval Hearing, Jenkins, through Class Counsel, shall request that the Court grant final approval of the settlement, approving this Agreement as fair, reasonable, adequate, and binding on all members of the Settlement Class who have not opted out.  The Final Approval Order shall order that any incentive award to Jenkins be paid; order HMFC to pay the award of attorneys' fees, costs, and expenses as approved by the Court to

11

Class Counsel; enter final judgment in accordance with this Agreement and order dismissal of the Action with prejudice. HMFC shall join in this request.

3.11.    HMFC shall pay all costs of the settlement administration, including but not limited to, the costs related class notice, address updates, correction of credit reports, and the toll-free line for Settlement Class Member questions.  These costs shall be separate from and in addition to relief provided to Settlement Class Members and the award of attorneys' fees, costs, and expenses.  HMFC shall not be responsible for additional costs of settlement administration incurred by Class Counsel in excess of any such amount awarded by the Court.

**IV.    RELEASES**

4.1.    Upon the Effective Date,  HMFC, Jenkins and Settlement Class Members who have not timely excluded themselves shall be deemed to have covenanted and agreed that, upon HMFC's compliance with the terms of paragraphs  2.1 – 2.4 of this Agreement, Jenkins and Settlement Class Members, on the one hand, and HMFC, on the other hand, shall mutually release and forever discharge each other from any and all Released Claims. The release of HMFC by Jenkins and the Settlement Class Members includes the release of HMFC's current and former officers, directors, owners, employees, agents, insurers, predecessors, successors and assigns.

4.2.    Jenkins, the Settlement Class and HMFC expressly understand and acknowledge that it is possible that unknown losses or claims exist and that present losses may have been underestimated in amount or severity.  Jenkins and HMFC explicitly took that possibility into account when entering into this Agreement, and a portion of the consideration and the mutual

12

covenants contained herein, was given in exchange for full accord satisfaction and discharge of all such losses or claims.

4.3.    The release provisions of this Agreement shall not apply in any manner to individuals who opt out of the Settlement Class or who do not fall within the definition of the Settlement Class.

## V.    MISCELLANEOUS PROVISIONS

5.1.    Within thirty (30) days of the Distribution Date, HMFC shall provide Class Counsel with a declaration verifying that HMFC has fully performed all of its obligations under this Agreement.

5.2.    If any Settlement Class Member makes a payment on a Deficiency Balance after the Effective Date, HMFC shall return the payment together with a written statement that the Deficiency Balance is not owed and that the Settlement Class Member has no obligation to pay it. HMFC shall respond to queries from Settlement Class Members after the Effective Date regarding any Settlement Class Members' Account by stating that the account balance is zero, that the Deficiency Balance is not owed, and that the Settlement Class Member has no obligation to pay the Deficiency Balance.

5.3.    **Withdrawal from Settlement.** Either party shall have the option to withdraw from this Settlement Agreement, and to render it null and void, if any of the following occurs:

(1)    any objections to the proposed settlement are sustained and such objection results in changes to the agreement that the withdrawing party deems in good faith to be material *(e.g.,* because it increases the cost of the settlement, delays approval and/or implementation of the settlement, or deprives the withdrawing party of a benefit of the settlement).

13

(2)      any attorney general is allowed to intervene in the action and such intervention results in changes to the agreement that the withdrawing party deems in good faith to be material (*e.g.,* because it increases the cost of the settlement, delays approval and/or implementation of the settlement, or deprives the withdrawing party of a benefit of the settlement).

(3)      the preliminary or final approval of the Settlement Agreement is not obtained without modification and any modification required by the Court for approval is not agreed to by each party and the withdrawing party deems any required modification in good faith to be material (*e.g.,* because it increases the cost of the settlement, delays approval and/or implementation of the settlement, or deprives the withdrawing party of a benefit of the settlement) neither, the award by Court of attorneys fees and expenses in an amount less than the amount of sought by Class Counsel nor the award by the Court of an incentive payment to the class representative in an amount less than the amount sought shall be a basis for withdrawal.

(4)      entry of the Final Approval Order described in this Agreement is reversed or substantially modified by an appellate court, except that a reversal or modification of an order awarding reasonable attorneys' fees and expenses or the incentive award to the Representative Plaintiff shall not be a basis for withdrawal;

HMFC shall, in addition, have the option to withdraw from this Agreement, and to render it null and void, if more than ten percent (10%) of the persons identified on the Class List exclude themselves from the Settlement Class.

To withdraw from the Agreement under this paragraph, the withdrawing party must provide written notice to the other party's counsel and to the Court. In the event either party withdraws from the settlement, this  Agreement shall be null and void, shall have no further

14

force and effect with respect to any party in the Action, and shall not be offered in evidence or used in any litigation for any purpose, including the existence, certification, or maintenance of any purported class. In the event of such withdrawal, this Agreement and all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to HMFC, Jenkins or Settlement Class Members, and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law, and shall not be used in any manner for any purpose, and all parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court. Upon withdrawal, either party may elect to move the Court to vacate any and all orders entered pursuant to the provisions of this Agreement.

5.4. The Parties intend that the Court will approve this Agreement as is and in its entirety. The exhibits to this Agreement are an integral part of the settlement and are expressly incorporated and made a part of this Agreement.

5.5. The Parties' counsel shall use their best efforts to cause the Court to give Preliminary Approval to this Agreement as promptly as practicable, to take all steps contemplated by this Agreement, to effectuate the Agreement on its stated terms and conditions, and to obtain Final Approval of this Agreement.

5.6. This Agreement shall be governed by the laws of the State of Ohio.

5.7. The terms and conditions set forth in this Agreement constitute the complete and exclusive statement of the agreement between the Parties, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous agreement. The Parties further intend that this Agreement constitutes the complete and exclusive statement of its terms as between the Parties and that no extrinsic evidence whatsoever may be

15

introduced in any judicial proceeding involving the interpretation of this Agreement. Any modification must be in writing signed by the Parties' counsel.

5.8. The person or persons signing this Agreement on behalf of HMFC are authorized to sign this Agreement on its behalf.

5.9. The determination of the terms and drafting of this Agreement has been by mutual agreement after negotiation, with consideration by and participation of all parties hereto.

5.10. This Agreement shall be binding upon, and enure to the benefit of the respective heirs, successors, and assigns of the parties hereto.

5.11 The waiver by one party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

5.12 HMFC and Jenkins each represent, covenant and warrant that they have not directly or indirectly assigned, transferred encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged.

5.13. This Agreement shall become effective upon its execution by all of the undersigned. The Parties may execute this Agreement in counterparts, and execution of counterparts shall have the same force and effect as if all parties had signed the same instrument.

5.14. The Court shall retain jurisdiction over the effectuation and implementation of this Agreement and all orders entered in connection therewith. The Parties and their attorneys submit to the jurisdiction of the Court regarding these matters. In any action or proceeding to enforce the terms of this Agreement or the Final Approval Order, the prevailing party shall be entitled to any award of reasonable attorneys' fees, costs and expenses.

16

IN WITNESS HEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

AGREED AS TO FORM:

DATED: 3/31/09

DAVID P. MEYER & ASSOCIATES CO. LPA

By: _____
    David P. Meyer
    Class Counsel


STARR AUSTEN & MILLER, L.L.P.

DATED:_____

By: _____
    Scott Starr
    Class Counsel


MADDOX, HARGETT & CARUSO

DATED:_____

By: _____
    Thomas A. Hargett
    Class Counsel


MCGLINCHEY STAFFORD, PLLC

DATED:_____

By: _____
    James Wertheim
    Attorney for Hyundai Motor Finance
    Company


AGREED TO AND ACCEPTED:

DATED: 3-31-09

By: _____
    Vicki Jenkins, Individually and on behalf of
    the Settlement Class

17

3/30/2009 4:39 PM FROM: Fax Starr Austen _Miller LLP TO: 10102881614224606 PAGE: 002 OF 002

IN WITNESS HEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

AGREED AS TO FORM:

DAVID P. MEYER & ASSOCIATES CO. LPA

DATED:_____      By: _____
                            David P. Meyer
                            Class Counsel

                      STARR AUSTEN & MILLER, L.L.P.

DATED:_____      By: _____
                            Scott Starr
                            Class Counsel

                      MADDOX, HARGETT & CARUSO

DATED:_____      By: _____
                            Thomas A. Hargett
                            Class Counsel

                      MCGLINCHEY STAFFORD, PLLC

DATED:_____      By: _____
                            James Wertheim
                            Attorney for Hyundai Motor Finance
                            Company

AGREED TO AND ACCEPTED:

DATED:_____      By: _____
                            Vicki Jenkins, Individually and on behalf of
                            the Settlement Class

17

IN WITNESS HEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

AGREED AS TO FORM:

DAVID P. MEYER & ASSOCIATES CO. LPA

DATED:_____       By: _____
                             David P. Meyer
                             Class Counsel


STARR AUSTEN & MILLER, L.L.P.

DATED:_____       By: _____
                             Scott Starr
                             Class Counsel

MADDOX, HARGETT & CARUSO

DATED: 3/30/09          By: _____
                             Thomas A. Hargett
                             Class Counsel


MCGLINCHEY STAFFORD, PLLC

DATED:_____       By: _____
                             James Wertheim
                             Attorney for Hyundai Motor Finance
                             Company

AGREED TO AND ACCEPTED:


DATED:_____       By: _____
                             Vicki Jenkins, Individually and on behalf of
                             the Settlement Class

17

IN WITNESS HEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

AGREED AS TO FORM:

DATED: 3/31/09

DAVID P. MEYER & ASSOCIATES CO. LPA

By: _____
    David P. Meyer
    Class Counsel

STARR AUSTEN & MILLER, L.L.P.

DATED:_____

By: _____
    Scott Starr
    Class Counsel

MADDOX, HARGETT & CARUSO

DATED:_____

By: _____
    Thomas A. Hargett
    Class Counsel

MCGLINCHEY STAFFORD, PLLC

DATED: 4/2/09

By: _____
    James Wertheim Jeffrey R. Seewald
    Attorney for Hyundai Motor Finance
    Company

AGREED TO AND ACCEPTED:

DATED: 3-31-09

By: _____
    Vicki Jenkins, Individually and on behalf of
    the Settlement Class

17

DATED:_____

HYUNDAI MOTOR FINANCE COMPANY

By: _____
      Michael P. Buckingham
Its: _____
     President/CEO

18