IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| VICKI D. JENKINS, INDIVIDUALLY AND ON BEHALF OF ALL SIMILARLY SITUATED PERSONS, ) ) ) ) | |
| PLAINTIFF, ) ) | CASE NO. 2:04-CV-720 |
| VS. ) ) | JUDGE SARGUS MAGISTRATE JUDGE KING |
| HYUNDAI MOTOR FINANCE COMPANY, ET AL., ) ) ) | |
| DEFENDANTS. ) | |

**NOTICE OF PENDING CLASS ACTION,
PROPOSED SETTLEMENT AND HEARING**

**This Notice may affect your rights.**

**Please read carefully.**

**If you have questions regarding the contents of this notice, do not call the Court but instead please contact counsel as explained on page __ of this Notice.**

To: Consumers in the State of Ohio who entered into sales contracts for the purchase of vehicles which were assigned to Hyundai Motors Finance Co., Inc. and whose motor vehicles were repossessed or surrendered in Ohio and subsequently disposed of by Hyundai Motors Finance Co., Inc. after July 1, 2001, and before March 25, 2008.

| **WHAT THIS NOTICE CONTAINS** |
|---|

**BASIC INFORMATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGES 3-4**
    1. Why did I get this notice?
    2. What is this lawsuit about?
    3. Why is this a class action?

**WHO IS IN THE CLASS?**. . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 4**
    4. How do I know if I am part of the class?
    5. Who is not in the class?

**THE LAWYERS REPRESENTING THE CLASS** . . . . . . . . . . . **PAGES 4-5**
    6. Do I have a lawyer in the case?
    7. How will the lawyers representing me be paid?

**THE PROPOSED SETTLEMENT** . . . . . . . . . . . . . . . . . . . . . . **PAGES 5-6**
    8. Why was the case settled?
    9. What would I receive under the proposed settlement?
    10. What would I give up under the proposed settlement?
    11. What will I need to do if I stay in the class?

**EXCLUDING YOURSELF FROM THE CLASS OR OBJECTING TO THE PROPOSED SETTLEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGES 6-7**
    12. How do I get out of the class?
    13. If I don't exclude myself from the class, can I sue HMFC for the claims or issues later?
    14. If I exclude myself from the class, do I receive the benefits of the settlement?
    15. Can I object to the proposed settlement?

**THE FINAL APPROVAL HEARING** . . . . . . . . . . . . . . . . . . . .**PAGE 8**
    16. When and where will the Court decide whether to approve the settlement?
    17. Do I have to come to the final approval hearing?

**IF YOU DO NOTHING**
    18. What happens if I do nothing at all?

**GETTING MORE INFORMATION**
    19. Are there more details about the case?
    20. How do I get more information?

| |
|---|
| **BASIC INFORMATION** |
| 1. Why did I get this notice? |
| The purpose of this Notice is to inform you that you have been identified as one of those individuals in the State of Ohio who may have had his or her motor vehicle repossessed or surrendered in Ohio and sold by Hyundai Motor Finance Co, Inc. ("HMFC") between July 1, 2001 and before March 25, 2008. As a result, this Notice is being provided to you because it is believed that you are a member of the class in this case and that the settlement in this case may affect your rights. This Notice is also intended to summarize the claims and the terms of the proposed settlement of this case and its effect on your rights, the proposed benefit to you if you chose to remain a member of the class, and your right to object to the settlement or exclude yourself from the class. |
| 2. What is this lawsuit about? |
| The lawsuit concerns allegations regarding actions taken by HMFC following its repossession of automobiles from Ohio residents.  On August 6, 2004, Vicki Jenkins filed an action in this Court alleging that HMFC was statutorily required to send a specific notice related to the post repossession sale of her vehicle, and that no such notice was sent, or alternatively, that the notice that was sent failed to meet the requirements of Ohio law.  Jenkins also contends that HMFC's actions in its attempt to collect the deficiency balance after the sale of her vehicle violated the law. Jenkins has asserted causes of action on behalf of the class for violation of the Ohio Retail Installment Sales Act, Ohio's Disposition of Secured Collateral Act, unjust enrichment, conversion, breach of contract, breach of the implied terms of good faith and fair dealing, and breach of fiduciary duty. Jenkins is also seeking a declaratory judgment and the issuance of an injunction against HMFC on behalf of the class.  Jenkins claims that HMFC's conduct has caused her damages and has filed this action on behalf of herself and all other individuals subject to the same type of conduct by HMFC after July 1, 2001 and before March 25, 2008.<br><br>HMFC denied these claims and has asserted various defenses and a counterclaim seeking judgment for any amounts owed to HMFC by class members. Jenkins has denied HMFC's counterclaim.<br><br>**The Court has previously determined that the case should proceed as a class action with respect to Ohio residents but the Court has not yet determined if any liability exists for the various competing claims in this lawsuit. HMFC disputes liability for Jenkins' claims and Jenkins, on behalf of the class, disputes liability for HMFC's counterclaim**. |
| 3. Why is this a class action? |
| This Court ruled that this lawsuit may be maintained as a claim for damages, interest and costs on behalf of a class consisting of all consumers in the State of Ohio who entered into sales contracts which were assigned to HMFC and whose vehicles were |

570922.1

3

repossessed in Ohio and subsequently sold by HMFC after July 1, 2001 and before March 25, 2008.  Vicki Jenkins was also approved by the Court to be an adequate representative of your interests in this lawsuit.

## WHO IS IN THE CLASS?

**4. How do I know if I am part of the class?**

You are a member of the class if you were an Ohio consumer who entered into a sales contract assigned to HMFC and your vehicle was subsequently repossessed or surrendered in Ohio and sold by HMFC after July 1, 2001 and before March 25, 2008. There are a total of _____ persons in the class.

**5. Who is not included?**

You are not in the class if you were not an Ohio resident at the time your motor vehicle was repossessed, the amount you owed to HMFC has been discharged in bankruptcy proceeding prior to March 25, 2008, HMFC has obtained a judgment against you prior to March 25, 2008, for the amount you owed to HMFC after the repossession and sale of your vehicle, or you have previously released your claims against HMFC.

## THE LAWYERS REPRESENTING THE CLASS

**6. Do I have a lawyer in the case?**

Vicki Jenkins' attorneys, David P. Meyer & Associates Co., LPA, Maddox Hargett & Caruso and Starr Austen & Miller, LLP ("Class Counsel), were appointed by the Court to act as your representatives and lawyers in this case.  Any class member who does not request exclusion may also, if they desire, enter an appearance in the litigation through his or her own attorney at his or her own expense. You may, of course, seek the advice and guidance of your own lawyer at your own expense if you so desire.

**7. How will the lawyers representing me be paid?**

Class Counsel have prosecuted this litigation without receiving any attorney's fees to date and without any assurance of receiving fees except in the event of a successful judgment or settlement.  Class Counsel have also advanced all of the costs necessary to prosecute this litigation. As part of the proposed settlement, HMFC has agreed to pay the attorney's fees and expenses of Class Counsel up to the amount of $443,000 and Class Counsel has agreed not to seek more than this amount in attorney's fees and expenses.  The Court will conduct a hearing on the amount of attorney's fees and expenses to be awarded to Class Counsel and make the final determination as to the amount of attorney's fees to be awarded to Class Counsel as part of the final approval process.

| **THE PROPOSED SETTLEMENT** |
|---|
| 8.  Why was the case settled? |

Jenkins, Class Counsel and HMFC have agreed on all of the terms of the proposed settlement after extensive arms-length negotiations between Class Counsel and counsel for HMFC.  Jenkins, as representative of the class has entered into this proposed settlement after weighing the benefits to the class of the settlement against the probabilities of success or failure in the lawsuit and the delays that would be likely if the lawsuit proceeded to trial, and after trial, to appeal.

Jenkins and Class Counsel have concluded that the proposed settlement is fair, reasonable and adequate.  It provides substantial benefits to the class, resolves complex issues without prolonged litigation, provides class members with substantial individual and aggregate benefits, and is in the best interest of the class. Although HMFC denies any wrongdoing and any liability whatsoever, HMFC believes that it is in its best interest to settle this lawsuit on the terms set forth in the Settlement Agreement in order to avoid further expense and inconvenience in connection with the lawsuit. On _____, 2009 Jenkins and HMFC executed a Settlement Agreement which details the terms of settlement.

| 9.  What would I receive under the proposed settlement? |
|---|

Under the proposed settlement, HMFC has agreed to waive the deficiency balance, which is the amount you currently owe to HMFC after the repossession and sale of your vehicle including all accrued interest and other charges. In addition, HMFC will request that the three primary credit reporting agencies to which it reports information (Equifax, Experian, and Transunion) delete any reference to your deficiency balance.  For example, if the amount you currently owe HMFC is $7,000, that balance will be waived, and when the credit reporting agencies act upon HMFC's request, your account with HMFC will not reference a deficiency balance on the credit reports issued by the credit reporting agencies referenced above.  The total amount of class members' principal deficiency balances being waived by HMFC under the proposed settlement is over $5.6 million.

| 10.   What would I give up under the proposed settlement? |
|---|

If the settlement is approved by the Court you will be bound by the terms of the Settlement Agreement and any order of the Court granting final approval to the settlement and dismissing the lawsuit. Under the terms of the Settlement Agreement, you, along with Jenkins and the other class members, will be forever barred from seeking further relief on all claims brought in this lawsuit concerning your account with HMFC and HMFC's repossession and sale of your vehicle after July 1, 2001 and before March 25, 2008. The full text of the release is contained in the Settlement Agreement.  Upon Court approval of the settlement, a judgment shall be entered dismissing with prejudice and fully and finally settling this lawsuit as to all class members, except those who

570922.1

properly and timely request exclusion from this lawsuit in the manner described in No. 12 below.

| 11. What will I need to do if I stay in the class? |
|---|

You do not need to take any action to remain a member of the class. You will be a member of class unless you choose to be excluded. (See No. 12 below).

**IF YOU WANT TO REMAIN A MEMBER OF THE CLASS,
YOU ARE NOT REQUIRED TO DO ANYTHING AT THIS TIME,
AND SHOULD NOT FILE AN EXCLUSION REQUEST.**

**EXCLUDING YOURSELF FROM THE CLASS
OR OBJECTING TO THE PROPOSED SETTLEMENT**

| 12. How do I get out of the class? |
|---|

If you want to be excluded from the class, you must mail a request to be excluded by U.S. Mail, first class and postage prepaid to Class Counsel and HMFC at the address below and postmarked no later than _____. To be effective, the request to be excluded must be sent to the specified address and must include:

(a) your full name, address and telephone number; and
(b) a specific and unambiguous statement of your desire to be excluded from the Settlement Class in Case No. C2-04-720; *Vicki D. Jenkins, et al v. Hyundai Motor Finance Company, et al*.

Exclusion request shall be mailed to Class Counsel and HMFC at the following addresses:

Class Counsel                                                          HMFC

David P. Meyer
David P. Meyer & Associates Co. LPA
1320 Dublin Road, Suite 100
Columbus, Ohio 43215

| 13. If I don't exclude myself from the class, can I sue HMFC for the same claims or issues later? |
|---|

No. By remaining a class member, any claims you have for damages or other relief against HMFC relating to its alleged failure to comply with the laws as asserted in this lawsuit will be released and cannot be presented in any other proceeding or lawsuit.

| 14. If I exclude myself from the class, do I receive the benefits of the settlement? |
|---|

No. Should you elect to be excluded, your deficiency balance owed to HMFC will remain outstanding and no request will be made to change the information on your credit report relating to the deletion of your deficiency balance with HMFC. Excluding yourself from the class also does not affect any rights that HMFC may have to pursue any claims against you arising out of any deficiency balance it claims you owe. If you chose to exclude yourself from the class and you wish to file your own lawsuit or make your own claim against HMFC, you may do so, but will be responsible for your own representation as well as for any expenses associated with your individual action.

| 15. Can I object to the proposed settlement? |
|---|

Yes. You may object to any aspect of the proposed settlement and seek to appear by yourself or through counsel at the final approval hearing to be held in this case. You are not required to attend the hearing. You may also seek to intervene in the case as a party. If you object to all or part of the proposed settlement, you must file your written objection with the Court at the following address:

Office of the Clerk
United States District Court, Southern District of Ohio,
U.S. Courthouse, Room 260, 85 Marconi Blvd,
Columbus, OH 43215

Copies of the written objections shall be provided to Class Counsel and counsel for HMFC at the follow addresses:

| Class Counsel | Counsel for HMFC |
|---|---|
| David P. Meyer, | James Wertheim |
| DAVID P. MEYER & ASSOCIATES CO., LPA, | MCGLINCHEY STAFFORD, PLLC |
| 1320 Dublin Road, Suite 100, | 25550 Chagrin Blvd, Suite 406 |
| Columbus, Ohio 43215 | Cleveland, Ohio 44122-4640 |

The objecting party must file the Certificate of Service with the Court, stating that the objecting party mailed or delivered copies of the objection and any supporting papers to the attorneys for the parties as referenced above.

Any written objection to the proposed settlement must include:

(a) your full name, address and telephone number;
(b) a statement of all grounds for the objection accompanied by any legal support for such objection;
(c) copies of any papers, briefs or other documents upon which the objection is based;
(d) a list of all persons who will be called to testify in support of the

|  |
|---|
| objection;<br>(e)    a statement of whether you intend to appear at the final approval hearing; and<br>(f)    a list of all cases in which you and/or your attorney has filed objections to a class action settlement in the preceding five (5) years.<br><br>If you intend to appear at the final approval hearing through counsel, the written objection must also state the identity of all attorneys representing you who will appear at the final approval hearing. |

### THE FINAL APPROVAL HEARING

**16.  When and where will the Court decide whether to approve the settlement?**

A final approval hearing will be held on _____ at \_\_\_before the Honorable Edmund A. Sargus, Jr., United States District Court for the Southern District of Ohio, Eastern Division, U.S. Courthouse, 85 Marconi Blvd, Columbus, OH  43215 for the purpose of determining whether the proposed settlement is fair, reasonable and adequate and should be finally approved, whether to award  attorney's fees and expenses and an incentive fee to Jenkins as provided for in the Settlement Agreement, and whether to enter a final judgment and dismiss the lawsuit with prejudice.  The hearing may be continued or adjourned without further notice to you.   The settlement may be approved with modifications, and without further notice, if consented to by Jenkins, Class Counsel, HMFC and its counsel in accordance with the terms of the Settlement Agreement.

**17.  If I don't object, do I have to come to the final approval hearing?**

No. It is not necessary for you to come to the final approval hearing to remain a member of the class and to receive the benefits of the settlement if the settlement is finally approved.

### IF YOU DO NOTHING

**18.   What happens if I do nothing at all?**

**IF YOU DO NOT OBJECT TO THE SETTLEMENT, AND DO NOT WISH TO BE HEARD ON ANY OTHER MATTER TO BE PRESENTED TO THE COURT AT THE FINAL APPROVAL HEARING, YOU NEED TAKE NO FURTHER ACTION IN ORDER TO BE ENTITLED TO PARTICIPATE IN THE SETTLEMENT**.

### GETTING MORE INFORMATION

**19.   Are there more details about the case?**

The pleadings and other records in this case including the Settlement Agreement may be examined and copied during regular office hours at the Office of the Clerk,

570922.1

| |
|---|
| United States District Court, Southern District of Ohio, U.S. Courthouse, Room 260, 85 Marconi Blvd, Columbus, OH  43215 or may be obtained online. **PLEASE DO NOT TELEPHONE THE CLERK'S OFFICE OR THE JUDGE'S CHAMBERS**. |
| 20.   How do I get more information? |
| **If you have questions regarding the contents of this notice or your account with HMFC, call toll-free _____ or contact the lawyers representing the class in this litigation by writing: David P. Meyer, Esq**., David P. Meyer & Associates Co., LPA, 1320 Dublin Road, Suite 100, Columbus, OH 43215;; dmeyer@dmlaws.com; **Scott L. Starr, Esq**., Starr Austen & Miller, LLP, 201 South Third Street, Logansport, IN  46947;; starr@starrausten.com; or **Thomas A. Hargett, Esq**., Maddox Hargett & Caruso, 10100 Lantern Road, Suite 150, Fishers, IN 46038;; tahargett@mhclaw.com.<br><br>**PLEASE DO NOT CALL THE COURT. INSTEAD, CALL THE NUMBER ABOVE OR CONTACT CLASS COUNSEL SHOULD YOU HAVE ANY QUESTIONS.** |