## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| Vicki D. Jenkins, individually and on behalf of all similarly situated persons, ) ) | CASE NO: C2 04 720 |
| ) | |
| Plaintiff, ) ) | JUDGE SARGUS |
| ) | MAGISTRATE JUDGE KING |
| v. ) ) | |
| Hyundai Motor Finance Company, et al., ) ) | |
| Defendants. ) | |

## ORDER GRANTING PRELIMINARY APPROVAL
## OF CLASS ACTION SETTLEMENT AND SETTING SCHEDULE WITH RESPECT TO
## NOTICE, FINAL APPROVAL HEARING AND ADMINSTRATION

This matter is before the Court on the Joint Motion for Preliminary Approval of Class Action Settlement filed by the parties seeking approval under Federal Rule of Civil Procedure 23(f) of a class action settlement between Plaintiff Vicki Jenkins ("Jenkins"), on her own behalf and on behalf of the Settlement Class defined below, and Defendant Hyundai Motor Finance Company ("HMFC") (collectively the "Parties").

After reviewing the Settlement Agreement, including Exhibits A and B, attached thereto, the Parties' Joint Motion for Preliminary Approval of Settlement and Plaintiff's supporting Memorandum, IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

The following defined terms from the Settlement Agreement (the "Agreement") are incorporated herein and have the same meaning herein as in the Agreement itself:

a. "Action" means the case entitled *Vicki Jenkins v. Hyundai Motor Finance Co., Inc.*, in the United States District Court for the Southern District of Ohio in the Eastern Division, Case No. 2:04-C*V-720*, including the related counterclaim and conditional counterclaim. This Action was filed on August 6, 2004. "By its terms, CAFA does not apply retroactively but,

rather, 'to any civil action commenced on or after the date of [its] enactment,' February 18, 2005." *Hall v. State Farm Mut. Ins. Co.*, 215 Fed.Appx. 423, 424 (6th Cir. 2007) (citing Class Action Fairness Act of 2005, Pub.L. 109-2, § 9, 119 Stat. 14 (2005). Therefore, CAFA does not apply to this Action.

  b. "Class Counsel" means the law firms of DAVID P. MEYER & ASSOCIATES CO., L.P.A.; MADDOX, HARGETT & CARUSO; and STARR AUSTEN & MILLER.

  c. "Deficiency Balance" means the account balance remaining on a Settlement Class Account after the repossession and disposition of a Settlement Class Member's motor vehicle and the application of the proceeds of the sale to that Settlement Class Account, plus all accrued interest and other charges.

  d. "Deficiency Judgment" means any judgment in any Court in any jurisdiction against a member of the Settlement Class for a Deficiency Balance.

  e. "Effective Date" means the day on which the Final Approval Order becomes final. For the purposes of the Agreement, the Final Approval Order shall be deemed to become final on the later of (i) the 31st day after it is entered (the date following the date on which it is no longer subject to review by appeal or otherwise) or (ii) if an appeal of the Final Approval Order is filed, on the day following the date on which the Final Approval Order is not subject to further judicial review or appeal, provided that the Final Approval Order is not reversed or modified in any way by the Court or an appellate court.

  f. "Settlement Class" means consumers in the State of Ohio who entered into sales contracts for the purchase of a motor vehicles which were assigned to HMFC and whose vehicles were repossessed or surrendered in Ohio and subsequently disposed of by HMFC after July 1, 2001 and before March 25, 2008, and expressly excludes (a) any person who was not an

Ohio resident at the time the motor vehicle was repossessed, (b) any person who submits a valid and timely request for exclusion, (c) any person whose Deficiency Balance has been discharged in a bankruptcy proceeding prior to March 25, 2008, or (d) as any person against whom HMFC has obtained a Deficiency Judgment prior to March 25, 2008 .

      h. "Settlement Class Account" means a Settlement Class Member's account with HMFC which is subject to the Agreement.

      i. "Settlement Class Member" means a member of the Settlement Class and that person's heirs, successors and assigns.

    1. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

    2. On March 24, 2008, Pursuant to FED.R.CIV.P. 23(a) and (b)(3), the Court granted certification of the following class of Ohio consumers (Doc. No. 108):

> Consumers in the State of Ohio whose vehicles were repossessed and subsequently disposed of by Defendant after the July 1, 2001 enactment of the amendments contained in Chapter 1309.101, *et seq.*, the State's version of Section 9-611 of the Uniform Commercial Code.

In its order granting class certfiction, the Court also approved Vicki Jenkins as representative of the class and appointed Class Counsel.

    3. By Order entered on January 15, 2009 (Doc. No. 136), the Court approved the modification of the definition of the certified class to establish the "Class Period" as July 1, 2001 through March 24, 2008. In addition, the Court established a schedule for the Parties to determine those class members properly excluded from the class as a result the class member's prior discharge in bankruptcy or existing judgments in favor of HMFC on a class member's Deficiency Balance.

4. The Court finds that the Settlement Class as defined in the Agreement establishes the Class Period as per the prior order of the Court and properly incorporates exclusions due to residency, bankruptcy discharge and existing Deficiency Judgments. The Court hereby approves the modifications to the definition of the previously certified class as contained in the Agreement and finds that the Settlement Class as defined in the Agreement does not change or otherwise affect the Court's previous findings that that the prerequisites for a class action under Fed.R.Civ.P.23(a) and (b)(3) have been satisfied in that: (i) the class members are so numerous that joinder of all class members is impracticable; (ii) there are questions of law and fact common to the members of the class; (iii) the claims of Jenkins are typical of the claims of the class members; (iv) Jenkins will fairly and adequately represent the interests of the class; (v) the questions of law and fact common to the class members predominate over any questions affecting only individual class members; and (vi) certifying a class in this Action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. The Court finds that: (i) the proposed settlement resulted from extensive arm's-length negotiations, including mediations with two prominent mediators; (ii) the proposed settlement was concluded only after counsel for the Parties had conducted extensive discovery and investigation; and (iii) the terms of the proposed settlement as evidenced by the Agreement are sufficiently fair, reasonable, and adequate to warrant sending the Notice of Class Action Settlement in the form attached as Exhibit B to the Agreement and the setting of a hearing to consider final approval of the proposed settlement. Accordingly, the Court grants preliminary approval of the settlement as set forth in the Agreement.

6. The Class Notice attached as Exhibit B to the Agreement is approved. The Court finds that this Class Notice adequately advises Settlement Class Members of their rights under

the terms of the Agreement and, therefore, meets the requirements of due process and of the Federal Rules of Civil Procedure and that sending the Class Notice to Settlement Class Members via First Class Mail to the Settlement Class Member's last known address is the best notice practicable. The Court hereby vacates its prior Order Approving Content of Notice of Class Action and Directing the Best Notice Practicable (Doc. No. 124), and its prior order directing Jenkins to send that prior notice to class members (contained in Doc. No. 136), as moot in light of the proposed settlement.

7. Within ten (10) days after the entry of this Order, HMFC shall provide an electronic list of the names and account numbers of all members of the Settlement Class (the "Class List") to Class Counsel. The Class List also shall set forth the Deficiency Balance for each Settlement Class Member. The Class List shall be in an electronic format that Class Counsel can use readily.

8. HMFC or its agents, no later than thirty (30) days after entry of this Order, shall send the Class Notice by First Class Mail to all individuals identified on the Class List. Before mailing the Class Notice, HMFC or its agents shall perform an address check of the entire Class List through the National Change of Address database to update the addresses of Settlement Class Members. For Class Notices returned by the Postal Service for lack of a current correct address, HMFC shall shall attempt to conduct a further address search using the same tools it currently uses for deficiency collection and re-mail the Class Notice by First Class Mail to any subsequently obtained addresses. HMFC shall also pay the costs of a toll-free number that Settlement Class Members may call with questions about the Class Notice and the Agreement. Twenty (20) days after mailing the notice to the Settlement Class Members, HMFC shall provide the Court and Class Counsel with a declaration confirming that

the Class Notice was mailed to Settlement Class Members and the steps it took during the class notice process.

9. Any Settlement Class Member who wishes to be excluded from the Settlement Class must submit a Request for Exclusion to Class Counsel and HMFC or its agents at the address specified in the Class Notice postmarked no later than June 12, 2009. To be effective, the Request for Exclusion must be sent to the specified address and :

(a) include the Settlement Class Member's full name, address and telephone number; and

(b) specifically and unambiguously state his or her desire to be excluded from the Settlement Class in Case No. C2-04-720; *Vicki D. Jenkins, et al v. Hyundai Motor Finance Company, et al.*

10. Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion sent to the proper address shall be subject to and bound by the Agreement and every order or judgment entered by this Court in the Action. Any purported Request for Exclusion that is ambiguous or internally inconsistent with respect to the Settlement Class Member's desire to be excluded from the Settlement Class will be deemed invalid unless determined otherwise by the Court. Any communications from Settlement Class Members (whether styled as an exclusion request, an objection, or a comment) as to which it is not readily apparent whether the Settlement Class Member meant to exclude himself or herself from the Settlement Class will be evaluated jointly by counsel for the Parties, who will make a good faith evaluation, if possible. Any uncertainties about whether a Settlement Class Member is requesting exclusion from the Settlement Class will be resolved by the Court. HMFC will maintain a list of all Requests for Exclusion and shall report the names and addresses of all

such persons requesting exclusion to the Court and the Class Counsel 10 days prior to the Final Approval Hearing, and the list of persons deemed by the Court to have excluded themselves from the Settlement Class will be attached as an exhibit to the Final Approval Order.

11. Any Settlement Class Member who intends to object to the fairness of this Agreement must, no later than June 26, 2009, file any such objection with the Court as set forth in the Class Notice and provide copies of the objection to David P. Meyer, DAVID P. MEYER & ASSOCIATES CO., LPA, 1320 Dublin Road, Suite 100, Columbus, Ohio 43215 and James Wertheim, MCGLINCHEY STAFFORD, PLLC, 25550 Chagrin Boulevard, Suite 406, Cleveland, Ohio 44122-4640.

12. Any objection to the Agreement must include:

(a) the Settlement Class Member's full name, address and telephone number; and

(b) a written statement of all grounds for the objection accompanied by any legal support for such objection;

(c) copies of any papers, briefs or other documents upon which the objection is based;

(d) a list of all persons who will be called to testify in support of the objection;

(e) a statement whether the objector intends to appear at the Final Approval Hearing; and

(f) a list of all cases in which the objector and/or their counsel has filed objections to a class action settlement in the preceding five (5) years.

13. If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Final Approval Hearing.

14. Any member of the Settlement Class who does not file a timely written objection to the settlement and notice of his or her intent to appear at the Final Approval Hearing or who fails to otherwise comply with the requirements of this section shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

15. Jenkins and Class Counsel shall file with the Court and serve upon HMFC's Counsel all papers in support of her request for final approval of the settlement at least seven (7) days before the Final Approval Hearing.

16. A Final Approval Hearing shall be held in this Court on July 7, 2009, at 2:00 p.m. to determine (i) whether the proposed settlement is fair, reasonable, and adequate and should be finally approved by the Court; (ii) whether the Action should be dismissed with prejudice pursuant to the terms of the Agreement; (iii) whether the Settlement Class Members should be bound by the release set forth in the Agreement; (iv) the amount of Class Counsel's fees and expenses to be awarded Class Counsel; (v) the amount of the incentive payment to be awarded to Jenkins; and (vi) any other matter that may be relevant to the settlement. The Final Approval Hearing may be continued without further mailed notice to the Settlement Class.

17. All other events contemplated under the Agreement to occur after this Order and before the Final Approval Hearing shall be governed by the Agreement to the extent not inconsistent with this Order.

18. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom are restored to their respective positions existing immediately

before this Court entered this Order, if: (i) the proposed settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Agreement; or (ii) the proposed settlement is terminated in accordance with the Agreement or does not become effective under the terms of the Agreement for any other reason. In such event, the proposed settlement and Agreement shall become null and void and be of no further force and effect, and all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to the Parties, shall not be deemed or construed to be an admission or confession by the Parties of any fact, matter, or proposition of law, and shall not be used in any manner for any purpose, and all parties to the Action shall stand in the same position as if the Agreement had not been negotiated, made, or filed with the Court; and this Order shall not be construed or used as an admission, concession or declaration by or against HMFC of any fault, wrongdoing, breach or liability, nor shall the Order be construed or used as an admission, concession or declaration by or against Jenkins or the Settlement Class Members that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have.

19. Other than as set forth in this Order, the Action is hereby stayed, and such stay shall remain in effect until one of the following events: (i) the occurrence of the Effective Date as defined in the Agreement; or (ii) the proposed settlement is terminated in accordance with the Agreement or does not become effective under the terms of the Agreement for any other reason. Settlement Class Members are hereby enjoined from proceeding with any claims against HMFC within the scope of the release set forth in the Agreement.

IT IS SO ORDERED.

4-9-2009
Date

United States District Court Judge
Edmund A Sargus Jr.