## IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| Vicki D. Jenkins, individually and on behalf of all similarly situated persons, | ) CASE NO: C2 04 720 ) ) JUDGE SARGUS |
| Plaintiff, | ) ) MAGISTRATE JUDGE KING |
| v. | ) ) |
| Hyundai Motor Finance Company, et al., | ) ) |
| Defendants. | ) |

## ORDER AND FINAL JUDGMENT

On the 7th day of July, 2009, the Court conducted a fairness hearing in this case concerning the final certification of a settlement class and approval of the proposed class settlement. The Court received evidence and heard arguments of counsel for the parties.

1. The following defined terms from the Settlement Agreement (the "Agreement") are incorporated herein and have the same meaning herein as in the Agreement itself:

    a. "Class Counsel" means the law firms of David P. Meyer & Associates Co., L.P.A.; Maddox, Hargett & Caruso; and Starr Austen & Miller.

    b. "Settlement Class" means consumers in the State of Ohio who entered into Ohio Contracts and whose vehicles were repossessed and subsequently disposed of by HMFC after July 1, 2001, enactment of the amendments contained in Chapter 1309.101 *et seq.*, the State's version of Section 9-611 of the Uniform Commercial Code and before March 24, 2008, and expressly excludes any person who was not an Ohio resident at the time the motor vehicle was repossessed, any person who submits a valid and timely request for exclusion, any person whose Deficiency Balance has been discharged in bankruptcy or any person against whom HMFC has obtained a Deficiency Judgment.

    c. "Settlement Class Account" means a Settlement Class Member's account with HMFC which is subject to the Agreement.

    d. "Settlement Class Member" means a member of the Settlement Class and that person's heirs, successors and assigns.

The Court finds that Vicki Jenkins is an adequate and proper class representative and that all of the other requirements for class certification pursuant to FEDERAL RULES OF CIVIL PROCEDURE 23 are met. Therefore, it is ORDERED that the Settlement Class is certified.

Having conducted the fairness hearing, the Court is of the opinion that the proposed settlement is fair, reasonable, and in the best interest of the Settlement Class. The settlement is, therefore, approved, and the parties are ORDERED to implement the settlement in accordance with the terms set forth in the Agreement.

The Court, having reviewed Class Counsel's application for an award of attorneys' fees and expenses, approves an award of $443,500 to Class Counsel with those attorneys' fees and expenses to be paid by HMFC in accordance with the Agreement.

The Court approves an incentive award to Vicki Jenkins as the representative of the Settlement Class, in the amount of $5000 to be paid by HMFC in accordance with the terms of the Agreement. In addition, the Court approves payment to Vicki Jenkins by HMFC in the amount of $9000 in settlement and satisfaction of her individual claims against HMFC in accordance with the terms of the Agreement.

All causes of action asserted by Jenkins and the Settlement Class as well as the counterclaims asserted by HMFC in this case against Jenkins and the Settlement Class are hereby dismissed with prejudice. In accordance with the terms set forth in the Agreement upon the Effective Date, Vicki Jenkins and the Settlement Class Members will be deemed to have compromised, settled, discharged, dismissed and released their claims against HMFC relating to the Settlement Class Accounts. In accordance with the terms set forth in the Agreement, upon the Effective Date HMFC will be deemed to have compromised, settled, discharged, dismissed and released its claims against

Vicki Jenkins and the Settlement Class Members relating to the Settlement Class Accounts. This is a final judgment.

The Court hereby decrees that neither the Agreement nor this Order is an admission or concession by HMFC of any liability or wrongdoing. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this action. Neither the Agreement, this Order, the settlement proceedings, the settlement negotiations nor any related documents shall be offered or received in evidence as an admission, concession, presumption, or inference against the Parties in any proceeding, other than such proceedings as may be necessary to enforce or consummate the Agreement or to establish that this Order and Final Judgment was entered in this case.

Except as otherwise provided herein or in the Agreement, each party shall bear its own fees, expenses, and costs. Class Counsel shall allocate the award of attorneys' fees among counsel for the Settlement Class based on their good-faith assessment of the contribution of such counsel to the prosecution of this action.

Without affecting the finality of this Order, the Court retains jurisdiction for purposes of implementing the Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Agreement and settlement, as may from time to time be appropriate, and resolution of any and all disputes arising there under.

All other relief which is not granted by this Final Judgment is denied.

                                                            7-7-2009
                                      UNITED STATES DISTRICT JUDGE